IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| QUENNEL JACKSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GT TECHNOLOGIES, INC.,<br><br>　　　　Defendant. | Case No.: 4:25-cv-00218<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff QUENNEL JACKSON ("Plaintiff") by and through his attorneys, CONSUMER ATTORNEYS PLLC, hereby complains of the Defendant GT TECHNOLOGIES, INC. ("GT" or "Defendant"), upon personal knowledge, as well as information and belief, by alleging and averring as follows:

## NATURE OF THE CASE

　　1.　　Plaintiff brings this action alleging that Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, ("Title VII") and seeks damages, as well as injunctive and declaratory relief, to redress the injuries he has suffered as a result of being discriminated and retaliated against by his employer on the basis of his national origin, race, and color (half Colombian and Black).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within the Northern District of the State of Florida.

## PROCEDURAL REQUIREMENTS

4. Plaintiff timely filed an initial Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 24, 2023.

5. Plaintiff received a Notice of Right to Sue from the EEOC on or about February 7, 2025, with respect to the charge of discrimination and retaliation.

6. A copy of the Notice of Right to Sue is annexed hereto as **Exhibit "A."**

7. Plaintiff thus timely commenced an action within ninety (90) days of the issuance of the Notice of Right to Sue by the EEOC.

8. Plaintiff therefore exhausted his administrative remedies as is required by Title VII.

## PARTIES

9. At all relevant times, Plaintiff was and is a resident of the State of Georgia and County of Decatur.

10. Plaintiff is a half Colombian and Black male.

11. At all relevant times, Plaintiff was an "employee" of the Defendant, as defined by all the applicable statutes.

12. At all relevant times, Defendant is a domestic non-profit corporation licensed to do business in the State of Florida.

13. Plaintiff was employed at Defendant's location at 2919 Commonwealth Boulevard, Tallahassee, FL 32303.

14. At all relevant times, Defendant had more than fifteen (15) employees.

15. At all relevant times, Defendant met the definition of "employer" and is subject to Title VII.

## STATEMENT OF FACTS

16. Plaintiff began working for Defendant in or around May 2022 as a maintenance mechanic and welder, fabricator, and engineer.

17. Throughout Plaintiff's entire tenure working for GT, Plaintiff had no disciplinary issues and was qualified to perform his job.

18. In or about 2021, Jason Felgum ("Felgum") and James White

("White") were hired and subsequently became a supervisor.

19. White held a supervisory role over Plaintiff.

20. Beginning in or about 2021, White and Felgum constantly harassed Plaintiff and treated Plaintiff differently solely on account of his national origin, race, and color.

21. For example, White and Felgum would take Plaintiff's tools to prevent him from being able to perform his job duties.

22. White and Felgum would then mock Plaintiff by telling him he needs to have his tools and asked how could he perform his work without his tools, requiring Plaintiff to both waste time to go retrieve his tools and then explain himself.

23. White and Felgum would engage in similar conduct to provoke Plaintiff; although it was distressing to him, Plaintiff refused to take the bait.

24. On or about September 5, 2023, Plaintiff was falsely accused of falsifying work orders by White and Felgum.

25. Plaintiff had worked over the weekend with another employee and they were unable to upload their work orders into the system, but managed to do so on Monday when they returned to work.

26. However, for whatever reason, White and Felgum accused Plaintiff of falsifying work orders.

27. White and Felgum knew that Plaintiff was not the only one working that weekend.

28. Notwithstanding, White and Felgum only accused Plaintiff of falsifying work orders and not his colleague.

29. The colleague Plaintiff worked with was named Johnnie Taylor ("Taylor"), and he was a white Caucasian male.

30. White and Felgum did not accuse Taylor of falsifying work orders despite the fact Taylor worked with Plaintiff the entire time over the weekend.

31. When Plaintiff attempted to explain himself to White and Felgum, they refused to listen nor review the evidence Plaintiff had to establish no work orders were falsified.

32. When Plaintiff returned to his office, a toy man with a noose around his beck was placed on Plaintiff's desk.

33. Immediately upon finding this, Plaintiff complained to Human Resources and the plant manager.

34. However, his complaint fell on deaf ears as they told Plaintiff not to worry about it and go back to work.

35. Within hours of Plaintiff's complaint, Defendant terminated his employment.

36. Plaintiff's complaint of race-based discrimination was a protected activity.

37. Instead of addressing Plaintiff's complaint of discrimination, Defendant retaliated against Plaintiff by terminating his employment.

38. Upon information and belief, no investigation was performed in response to Plaintiff's complaint of race-based discrimination.

39. Plaintiff has never received any counseling, corrective actions, or written warnings regarding his workplace attendance, and was instead given an immediate termination.

40. Upon information and belief, Defendant has a policy of offering counseling, corrective actions, or written warnings before terminating employees.

41. The temporal proximity between Plaintiff's complaint of race-based discrimination and his sudden termination makes it clear that he was terminated in relation to his complaint of race-based discrimination.

42. Plaintiff's termination was the direct result of a systemically hostile work environment towards people of color, which Plaintiff had been trying to challenge.

43. Defendant retaliated against Plaintiff solely because of his race and because of his complaint of race-based discrimination.

44. Upon information and belief, no investigation has taken place in

relation to Plaintiff's complaints and no employee of Defendant has been disciplined for discriminatory conduct.

45. Defendant would not have discriminated against Plaintiff but for his race.

46. Plaintiff was treated less well or subjected to an adverse action, motivated, at least in part, by his membership in a protected class.

47. Defendant would not have retaliated against Plaintiff but for his complaint about race-based discrimination.

48. As a result of Defendant's actions, Plaintiff felt, and continues to feel, extremely humiliated, degraded, violated, embarrassed, and emotionally distressed.

49. As a result of Defendant's discriminatory and intolerable treatment of Plaintiff, he suffered, and continues to suffer, severe emotional distress and physical ailments.

50. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses and emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

51. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages.

52. Defendant's actions and conduct were intentional for the purpose of harming Plaintiff.

**<u>AS A FIRST CAUSE OF ACTION</u>**
**DISCRIMINATION UNDER TITLE VII**

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

54. The claim is authorized and instituted pursuant to the provisions of Title VII for relief based upon the unlawful employment practices of Defendant.

55. Plaintiff complains that Defendant violated Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's national origin, race, and color (half Colombian and Black).

56. 42 U.S.C. §§ 2000e-2 states:

> "It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to him compensation, terms, conditions, or privileges of employment, because of such individual's **race**, **color**, religion, sex, or **national origin**…"

57. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e by discriminating against Plaintiff because of his

national origin, race, and color (Black).

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

59. 42 U.S.C. §§ 2000e-3 states:

"It shall be an unlawful employment practice for an employer to discriminate against any of him employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by the subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the subchapter."

60. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e-3 by retaliating against Plaintiff for complaining of the aforementioned violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendant engaged in, and enjoining Defendant

from continuing to engage in, unlawful employment practices prohibited by Title VII, in that Defendant discriminated and retaliated against Plaintiff on the basis of his national origin, race, and color (Black);

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven at trial;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices against each of them.

## JURY DEMAND

61. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a jury trial on all issues to be tried.

RESPECTFULLY SUBMITTED this 8th day of May 2025

        **CONSUMER ATTORNEYS, PLLC**

        <u>*/s/ David Pinkhasov*</u>
        David Pinkhasov, FL # 1040933
        CONSUMER ATTORNEYS
        68-29 Main Street
        Flushing, NY 11367
        T: (718) 701-4605
        F: (718) 715-1750
        E: dpinkhasov@consumerattorneys.com

        Emanuel Kataev, Esq.
        *Pro Hac Vice Motion Forthcoming*
        68-29 Main Street Flushing, NY 11367
        (718) 412-2421 (office)
        (917) 807-7819 (cellular)
        (718) 489-4155 (facsimile)
        ekataev@consumerattorneys.com

        *Attorneys for Plaintiff*
        *Quennel Jackson*