**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

QUENNEL JACKSON,

      Plaintiff,

v.
                                  Case No. 4:25-CV-00218

GT TECHNOLOGIES, INC.,

      Defendant.

_____ /

**<u>DEFENDANT'S MOTION TO PARTIALLY DISMISS</u>**
**<u>PLAINTIFF'S COMPLAINT</u>**

Defendant, GT TECHNOLOGIES, INC. ("Defendant"), by and through its

undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, files this Motion to Dismiss part of Count I and all of Count II of the

Complaint filed by Plaintiff, QUENNEL JACKSON ("Plaintiff"). Plaintiff's claims

for discrimination on the basis of national origin and color, as well as his claim of

retaliation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S. § 2000e, *et*

*seq.* ("Title VII") are time barred, as Plaintiff failed to timely file a Charge of

Discrimination alleging national origin or color discrimination or retaliation with the

U.S. Equal Employment Opportunity Commission ("EEOC"), an administrative

prerequisite to filing suit before this Court. As Plaintiff cannot correct this fatal flaw,

an amendment of the pleading would be futile. In support of this Motion, Defendant states as follows:

## RELEVANT BACKGROUND

Plaintiff is a former employee of Defendant in its Tallahassee, Florida, location. Plaintiff's employment with Defendant ceased on or about September 5, 2023. On October 24, 2023, Plaintiff filed a Charge of Discrimination with the EEOC, in which his sole allegation was discrimination based on race. A true and accurate copy of Plaintiff's Charge of Discrimination is attached as **Exhibit 1.** Plaintiff also filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR") on or about October 22, 2023, alleging substantially the same allegations as the claims raised in the EEOC Charge of Discrimination. The FCHR investigated the claims, issuing a Determination of No Reasonable Cause on April 18, 2024. Plaintiff appealed, filing a Petition for Relief with the Florida Division of Administrative Hearings ("DOAH"). The parties conducted a hearing before DOAH on August 6, 2024, and the DOAH Administrative Law Judge issued a thirty-two-page Recommended Order finding no unlawful acts were committed by Defendant. The FCHR adopted the order on November 7, 2024.

On February 7, 2025, the EEOC issued a Determination and Notice of Rights, in which the EEOC granted substantial weight to the findings of the FCHR. A true

and accurate copy of the EEOC's Determination and Notice of Rights is attached as

**Exhibit 2.**

On May 8, 2025, Plaintiff filed a two-count Complaint with this Court. Count

I alleges discrimination based on national origin, race, and color, and Count II

alleges retaliation, both Counts in violation of Title VII. Plaintiff's Complaint is the

<u>first</u> time Plaintiff raised any allegations of national origin or color discrimination.

Furthermore, Plaintiff's EEOC Charge of Discrimination failed to mention

retaliation as a cause of action. Because Plaintiff failed to raise claims of national

origin or color discrimination or retaliation with the EEOC, part of Count I and all

of Count II are due to be dismissed.[1]

**MEMORANDUM OF LAW**

I.    **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to

dismiss a complaint for "failure to state a claim upon which relief can be granted."

---

[1] Although this motion only addresses part of the claims within Plaintiff's Complaint, this Court has held that a party need not file an answer while a motion to partially dismiss the complaint is pending. *See Salas v. Commonwealth Land Title Ins. Co.*, No. 3:21-cv-890-MCR-HTC, 2022 U.S. Dist. LEXIS 96339, at *8 (N.D. Fla. Apr. 5, 2022) ("Indeed, even when a 12(b)(6) motion to dismiss does not address every claim in a complaint, the majority of courts, including a court in this District, have found a separate answer addressing the other claims to be unnecessary because the motion to dismiss tolls the answer deadline.") Defendant disputes all liability and reserves the right to respond to the allegations in the Complaint and raise affirmative defenses at the appropriate time.

To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court "must accept the facts pleaded as true and construe them in a light favorable to [the] plaintiff[ ]." *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). While leave to amend should ordinarily be freely given, the Court may dismiss the complaint with prejudice where any amendment would be futile. *See Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182, (1962)).

While courts generally do not consider matters outside the pleadings without converting the motion to one for summary judgment, the incorporation-by-reference doctrine allows considering external documents on a Rule 12(b)(6) motion, as long as they are central to the claim at issue and their authenticity is undisputed. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 n.12 (11th Cir. 2014); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (affirming the district court's reliance on a contract that was not attached to the parties' complaint but was submitted by the defendants along with their motion to dismiss under Rule 12(b)(6), because the contract was central to the plaintiffs' complaint and its authenticity was not in dispute).

Moreover, the incorporation-by-reference doctrine allows the Court to take judicial notice of public records, and specifically letters from the EEOC. *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. Aug. 16, 2010) (affirming district court's consideration of exhibits attached to motion to dismiss, including EEOC right-to-sue letter, without converting motion to one for summary judgment); *Lambert v. Ala. Dep't of Youth Servs.*, 150 Fed. Appx. 990, 991-94 (11th Cir. Oct. 21, 2005) (considering an EEOC charge of discrimination attached to a motion to dismiss in affirming dismissal of Title VII claims).

Accordingly, under the incorporation-by-reference doctrine, the Court may consider the Charge of Discrimination and EEOC Determination and Notice of Right to Sue without converting Defendant's motion to dismiss into one for summary judgment because each exhibit is central to Plaintiff's allegation that he exhausted his administrative remedies. *See Henry v. Examworks Inc.*, 2021 WL 3440698, at *3 (11th Cir. Aug. 6, 2021) ("The EEOC Notice … [is] central to [Plaintiff's] allegation that she had exhausted her administrative remedies … even if [the Notice] had not been attached to the motion to dismiss, the court could have taken judicial notice of [it]"). While leave to amend should ordinarily be freely given, the Court may dismiss the complaint with prejudice where any amendment would be futile. *See Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182, (1962)).

**II.     Plaintiff's National Origin and Color Discrimination Claims and Retaliation Claim Should be Dismissed for Failure to Exhaust Administrative Remedies**

Before filing a lawsuit for employment discrimination or retaliation in violation of Title VII, a plaintiff must file a timely charge of discrimination with the EEOC or with the applicable state or local agency. *See* 42 U.S.C. § 2000e-5(e)(1); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002); *Forehand v. Florida State Hosp.*, 89 Fed.3d 1562, 1567 (11th Cir. 1996); *see also Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1011 (11th Cir.1982) ("the timely filing of an EEOC complaint is a precondition to a Title VII action"). If a plaintiff alleges that the complained-of behavior violated some statutorily protected status, he or she must file a charge of discrimination alleging the unlawful employment practice with the EEOC within 180 days of the employment practice, *see* 42 U.S.C. §2000e-5(e)(1).[2]

---

[2] The period for filing a charge with the EEOC may be extended to 300 days if the complainant first files a timely charge in a state or local agency in a "deferral state." *Maynard v. Pneumatic Products Corp.*, 256 F.3d 1259, 1262-63 (11th Cir. 2001). Deferral states, such as Florida, are those that prohibit the unlawful employment practice and have established state or local authorities to grant or seek relief for such practice. *See* Section 706(c) of Title VII, 42 U.S.C. §2000e-5(c), 42 U.S.C. §2000e-5(e)(1); *Maynard*, 256 F.3d at 1263. Here, Plaintiff did file a charge with the Florida Commission on Human Relations. However, more than 300 days have passed since the alleged unlawful employment practices occurred, so any new filings would be time barred.

The requirement to timely file a charge of discrimination is not optional; rather, "timely filing a charge of discrimination is a prerequisite to bringing suit under [] Title VII." *See e.g. Maynard*, 256 F.3d at 1262. This administrative filing requirement operates like a statute of limitations. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Thus, any plaintiff who seeks relief for discriminatory or retaliatory conduct that occurred more than 300 days before he filed a charge of discrimination is barred from bringing a lawsuit under Title VII. *See, e.g., EEOC v. Joe's Stone Crabs, Inc.,* 296 F.3d 1265, 1271 (11th Cir. 2002); *Short v. Immokalee Water & Sewage Dist.*, 801 F. App'x 671, 675 (11th Cir. 2020).

When a plaintiff fails to exhaust administrative remedies, it is proper for a defendant to raise the claim on a motion to dismiss. *See Fort Bend County v. Davis*, 587 U.S. 541 (2019) (finding that an employer who did not timely raise the issue of exhaustion forfeits the claim to do so).[3] Furthermore, the charge-filing requirements is mandated by statute, making them properly addressed on a motion to dismiss. 42 U.S.C. §2000e-5(e)(1).

---

[3] *See also Mosby v. City of Byron*, No. 21-10377, 2022 U.S. App. LEXIS 10436, at *5-6 (11th Cir. Apr. 18, 2022) (considering the *Fort Bend County* decision's application in a case where the defendant employer raised the issue of verification in a pre-answer motion to dismiss and explaining that the Supreme Court's decision in *Fort Bend County* did not preclude the Court from affirming a summary judgment in favor of the employer on Title VII claims).

Furthermore, a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Stuart v. Jefferson Cty. Dep't of Human. Res.*, 152 F. App'x 798, 801 (11th Cir. 2005) (quoting *Gregory v. Georgia Dep't of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) (internal quotations omitted)). While a complaint that alleges claims that simply "amplify, clarify, or more clearly focus" the claims that were previously raised in an EEOC charge is authorized, a plaintiff cannot, for the first time, raise a claim or new acts of discrimination in the judicial complaint. *Id.* (quoting *Gregory*, 355 F.3d at 1279-80).

Indeed, courts in the Eleventh Circuit routinely grant motions to dismiss for failure to exhaust administrative remedies. For example, in *Phifer v. Koch Foods of Alabama, LLC*, No. 2:24-cv-386-RAH-SMD, 2025 U.S. Dist. LEXIS 25345 (M.D. Ala. Feb. 12, 2025)[4], the court granted an employer's motion to dismiss when the plaintiff failed to include a claim of retaliation in the EEOC Charge of Discrimination. Similarly, in *Saenz v. Wilkie*, No. 2:18-cv-01363-AKK, 2019 U.S. Dist. LEXIS 143631 (N.D. Ala. Aug. 23, 2019), the court granted a motion to dismiss a plaintiff's national origin claim because the plaintiff did not allege national origin discrimination, or any facts concerning national origin, in their EEOC Charge

---

[4] Report and Recommendation, adopted in *Phifer v. Koch Foods of Ala., LLC*, No. 2:24-000386-RAH-SMD, 2025 U.S. Dist. LEXIS 81986 (M.D. Ala. Apr. 30, 2025).

of Discrimination. Finally, in *Mitchell v. First Transit, Inc.*, No. 3:15cv529/MCR/EMT, 2017 U.S. Dist. LEXIS 71475 (N.D. Fla. Apr. 24, 2017), this Court dismissed a claim of discrimination based on color when the plaintiff's Charge of Discrimination only addressed race.

Here, it is undisputed that Plaintiff filed a Charge of Discrimination with the EEOC that did not include claims of national origin or color discrimination, nor did it include retaliation. The <u>only</u> allegation raised in the EEOC Charge of Discrimination was race discrimination.[5] *See* **Exhibit 1.** Accordingly, as in the *Phifer, Saenz,* and *Mitchell* cases, this Court should dismiss all of Plaintiff's claims, except for his claim of race discrimination. Furthermore, it has been 692 days since Plaintiff's termination with Defendant. Any new charge filed by Plaintiff with the EEOC alleging national original or color discrimination or retaliation would be untimely, and therefore, any amendment of the pleading would be futile.

---

[5] Race and color are not synonymous. *See Bell v. Hobby Lobby Stores, Inc.,* No. 8:21-cv-2455-WFJ-AAS, 2023 U.S. Dist. LEXIS 15347 (M.D. Fla. Jan. 30, 2023). One does not automatically imply the other. *Gill v. Bank of America Corporation*, 2015 WL 4349935, at *4 (M.D. Fla. July 14, 2015). Unless a reasonable EEOC investigation did or would encompass the other in its scope, a plaintiff has not exhausted administrative remedies. *Id*. If race and color were not different and one encompassed the other, there would be no need for the EEOC to list them as separate bases on the EEOC Charge of Discrimination form. But it does.

## III.  CONCLUSION

WHEREFORE, Defendant requests the Court dismiss Plaintiff's national origin and color discrimination claims in Count I, and Count II in its entirety, with prejudice, and any other relief deemed just and proper.

## **LOCAL RULE 7.1(B) CERTIFICATION**

Pursuant to Local Rule 7.1(B), I hereby certify that I conferred with Plaintiff's counsel via email on July 16, 2025 in an attempt to resolve this issue. I followed up on July 21, 2025. Plaintiff's counsel did not respond to my requests to confer, despite giving more than 7 days' notice.

## **LOCAL RULE 7.1(F) CERTIFICATION**

Pursuant to Local Rule 7.1(F), I certify that the Motion contains 583 words, and the Memorandum of Law contains 1,611 words, for a total of 2,194 words.

Dated: July 28, 2025

Respectfully submitted,

*/s/ Elizabeth Jozsi*
Elizabeth Jozsi
Florida Bar No: 119428
Sarah Kuehnel
Florida Bar No: 124765
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
100 North Tampa Street
Suite 3600
Tampa, FL 33602
Telephone:  813.221.7239
Facsimile:  813.289.6530
elizabeth.jozsi@ogletree.com
sarah.kuehnel@ogletree.com
Secondary e-mails:
celynda.pavone@ogletree.com
melissa.salazar@ogletree.com
TAMdocketing@ogletree.com

*Attorneys for Defendant*
*GT Technologies, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 28, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

*/s/ Elizabeth Jozsi*
Attorney

11