# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

QUENNEL JACKSON,

    Plaintiff,

v.

GT TECHNOLOGIES, INC.,

    Defendant.

Case No.: **4:25-cv-218 (AW) (MAF)**

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT

**CONSUMER ATTORNEYS, PLLC**

*/s/ Emanuel Kataev*
Emanuel Kataev, Esq.
Admitted Pro Hac Vice
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

David Pinkhasov, FL # 1040933
CONSUMER ATTORNEYS
6829 Main Street
Flushing, NY 11367-1305
T: (718) 701-4605
F: (718) 715-1750
E: dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiff*
*Quennel Jackson*

## **INTRODUCTION**

Plaintiff Quennel Jackson ("Plaintiff") respectfully submits the instant memorandum of law in opposition to Defendant GT Technologies, Inc.'s ("GT" or "Defendant") motion to dismiss part of Count I and all of Count II of Plaintiff's Complaint.

Plaintiff claims GT discriminated against him on the basis of his national origin and color, and that GT retaliated against him, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S. § 2000e, *et seq.* ("Title VII"). These claims are not time barred, as Plaintiff did not fail to timely file an adequate Charge of Discrimination alleging both national origin and color discrimination, as well as retaliation, with the United States Equal Employment Opportunity Commission ("EEOC").

## **BACKGROUND**

Plaintiff worked for Defendant as a maintenance mechanic and welder, fabricator, and engineer, beginning in or around May 2022. See ECF Docket Entry 1 ¶ 16. Within hours of complaining to Defendant about racial discrimination he had been experiencing at GT, Defendant terminated Plaintiff's employment. Id. ¶¶ 32-39.

On or about October 24, 2023, Plaintiff timely filed an initial Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Id. ¶ 6; see also ECF Docket Entry 9-1.

In that charge, although Plaintiff – who was *pro se* at the time – did not specifically state that he was retaliated against, he averred in his sworn charge that:

> On September 5, 2023, I had an incident in which I was terminated for falsifying a work order. I had worked over the weekend myself and another employee (white male) were unable upload our work orders into the system. When we returned to work Monday, we managed to upload them in the system, but I was the only one called into the office and accused of submitted false work orders when my coworker was not. I attempted to show James White (team lead) and Erin Wade (human resources) department that the work order was created on the day we worked, but they refused to look at my computer. When I returned to my office, someone had placed a toy man with a noose around his neck on my desk. Immediately I took it to Dave Lavern (plant manager) and the human resources department but was told not to worry about it and return to work. A few hours later, I was called back to the human resources office and informed that my employment was being terminated.

See ECF Docket Entry 9-1. As set forth in the charge, Plaintiff provided a *prima facie* case for retaliation: (i) he engaged in protected activity by complaining about race discrimination, which was dismissed out of hand without any investigation; (ii) he suffered an adverse employment action a few hours later when he was terminated; and (iii) there is a causal nexus between his protected activity and adverse employment action based on the extremely short temporal proximity between the two events.

On or about February 7, 2025, Plaintiff received a Notice of Right to Sue (the "Notice") from the EEOC, with respect to the charge. See ECF Docket Entry 1-2.

3

Plaintiff then timely commenced this case within ninety (90) days of the issuance of the Notice, by filing its two-count Complaint on May 8, 2025. See ECF Docket Entry 1.

On July 28, 2025, Defendant filed a Motion to Partially Dismiss Plaintiff's Complaint, contending that part of Count I and all of Count II should be dismissed because Plaintiff had failed to raise claims of national origin discrimination, color discrimination, or retaliation in its EEOC Charge. Plaintiff maintains, however, that its EEOC Charge is sufficient as written to encompass the claims in its Complaint.

In light of the foregoing, Defendant's motion to partially dismiss Plaintiff's Complaint should be denied and this case should proceed.

## STANDARD OF REVIEW

Under Rule 12(b)(6), dismissal is appropriate only if the complaint fails to state a claim upon which relief can be granted; a Court must accept all factual allegations in the complaint as true, and a claim must have facial plausibility "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (allegations need not be detailed). Binding precedent in the Eleventh Circuit allows a complaint to proceed, even where the preceding EEOC Charge did not contain all allegations in the complaint, so long as those allegations could have been reasonably

expected to arise from that complaint. See Gregory v. Georgia Dept. of Human Resources, 355 F.3d 1277, 1280 (11th Cir. 2004) ("Courts are […] 'extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]" [internal citation omitted]. As such, this Court has noted that 'the scope of an EEOC complaint should not be strictly interpreted'" [internal citation omitted]).

Here, Plaintiff has alleged sufficient facts demonstrating that the EEOC charge reasonably encompasses the claims at issue, and therefore dismissal is improper.

## **ARGUMENT**

**I.   Plaintiff's National Origin and Color Discrimination Claims and Retaliation Claim Need Not be Dismissed for Failure to Exhaust Administrative Remedies**

Courts have established that certain leeway is permitted in situations where an individual completes an EEOC charge form *pro se* and does not specifically allege all forms of discrimination or retaliation. See Gregory v. Georgia Dept. of Human Resources, 355 F.3d 1277, 1279-81 (11th Cir. 2004) (cited in Martinez-Lopez v. GFA Alabama Inc., No. 1:24-CV-2676-JPB-CCB, 2025 WL 2503137, at *37 (N.D. Ga. Aug. 28, 2025) (Administrative remedies would be exhausted where an EEOC investigation into retaliation could "'reasonably be expected to grow out of [Plaintiff's] charge of discrimination' Patterson[ v. Georgia P., LLC], 38 F.4th [1336,] 1345 [(11th Cir. 2022)] (internal quotation marks omitted).").

5

So long as the facts in the description of the EEOC charge provide enough information for an EEOC investigator to deduce the existence of a potential national origin and/or color and retaliation claim, then a Plaintiff who did so without the assistance of counsel, he aught to be awarded leniency for not specifically alleging retaliation, including not checking off the box that demarks it so. Id.; see also Danner v. Phillips Petroleum Co., 447 F.2d 159, 161–62 (5th Cir.1971) (noting that employee filing an EEOC complaint without the assistance of counsel are to be construed liberally, and holding that EEOC charge complaining of discharge was "reasonably related" to Title VII complaint that "she was discharged") (cited in Graves v. 3M Co., No. 1:23-CV-00888-ELR-CMS, 2024 WL 5701081, at *6 (N.D. Ga. Mar. 25, 2024)).

The Eleventh Circuit has held that the scope of a complaint in a Title VII suit is generally defined not by the four corners of the prior administrative charge, but is "'limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" See Gregory at 1280 (internal citation omitted); see also Patterson v. Ga. Pac., LLC, 38 F.4th 1336, 1345 (11th Cir. 2022).

Thus, because the Defendant fails to identify the contours of the EEOC's investigation, the motion must be denied for that reason alone.

Moreover, the complaint in a civil action may properly encompass any discrimination similar to or reasonably related to the charges filed with the EEOC.

6

See Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989) ("Judicial claims which serve to amplify, clarify, or more clearly focus earlier EEO complaints are appropriate") (internal citation omitted); see also Patterson, 38 F.4th at 1345 ("The facts alleged in the charge matter most for determining what can reasonably be expected to grow out of an EEOC charge; the legal theory the charging party articulates is far less important"); see also Chanda v. Engelhard/ICC, 234 F.3d 1219, 1225 (11th Cir. 2000) (EEOC Charge is only the starting point in determining the permissible scope of a Complaint).

Thus, at a minimum, there is an issue of fact as to whether the EEOC investigated national origin discrimination, color discrimination, and/or the retaliation claim such that they are otherwise properly preserved because they are similar and reasonably related to the charge Plaintiff filed with the EEOC. Notably, the retaliation claim can be gleaned from the charge allegations. Moreover, Plaintiff's national origin discrimination and color discrimination stem from the same allegations in support of his race discrimination claims. As such, these are not *new* claims being raised.

In order to prove retaliation under Title VII, a "plaintiff must show that (1) she engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the plaintiff's protected activities." Little v. United Technologies, Carrier Transicold Div., 103 F.3d 956, 959

7

(11th Cir.1997) (cited in ADETOLA ILEGBUSI, Plaintiff, v. UNIVERSITY OF MIAMI, a not-for-profit corporation. Defendant., No. 24-24069-CIV, 2025 WL 2531824, at *3 (S.D. Fla. Sept. 3, 2025) and Durance v. Sch. Bd. of Glades Cnty., Fla., No. 2:25-CV-137-SPC-NPM, 2025 WL 2208213, at *3 (M.D. Fla. Aug. 4, 2025), *et al.*).

Critically, courts have held that they ought to be "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]" and that the scope of an EEOC charge should not be strictly interpreted but allow for Investigators to determine further than what was directly alleged. Id., at 460–65.

Plaintiff prepared his EEOC charge against Defendants prior to retaining counsel and did so *pro se*. In his charge, Plaintiff specifically alleged that he was subjected to continuous acts of blatant discrimination which culminated in his termination following his complaint about discriminatory conduct. Following the standard set by Danner and Little, which courts within this Circuit have cited, this is enough to show that Plaintiff had engaged in protected activity and that he suffered an adverse employment action because of it. Plaintiff further alleged in his Complaint that he did engage in the protected activity of reporting instances of discrimination to representatives of Defendant and was terminated shortly thereafter, establishing the hallmark elements of retaliation. Plaintiff should thus be permitted to assert he was discriminated against based on his race, color, and national origin.

This is especially the case where Plaintiff does not allege any new facts and relies on the same allegations in support of his race discrimination claim to argue that he was also discriminated against based on his national origin and color.

With these factors brought to light, Plaintiff respectfully requests that the Court denies Defendant's motion to dismiss his claims of retaliation under Title VII.

## CONCLUSION

For all the foregoing reasons, Defendant's motion to partially dismiss should be denied.

## CERTIFICATE OF COMPLIANCE (LOCAL RULE 7.1(F))

Pursuant to Local Rule 7.1(F), I certify that this Memorandum of Law contains 1,785 words.

RESPECTFULLY SUBMITTED this 8th day of September 2025.

**CONSUMER ATTORNEYS, PLLC**

*/s/ Emanuel Kataev*
Emanuel Kataev, Esq.
Admitted Pro Hac Vice
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

David Pinkhasov, FL # 1040933
CONSUMER ATTORNEYS
6829 Main Street
Flushing, NY 11367-1305
T: (718) 701-4605
F: (718) 715-1750
E: dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiff*
*Quennel Jackson*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P,C.**
Elizabeth T. Jozsi, FBN: 119428
100 North Tampa Street. Suite 3600
Tampa, FL 33602
T: 813-289-1247
F: 813-289-6530
elizabeth.jozsi@ogletree.com
sarah.kuehnel@ogletree.com
Secondary e-mails:
celynda.pavone@ogletree.com
melissa.salazar@ogletree.com
TAMdocketing@ogletree.com

*Attorneys for Defendant*
*GT Technologies, Inc*

**CONSUMER ATTORNEYS**

*/s/ Emanuel Kataev*