UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

QUENNEL JACKSON

    Plaintiff,

v.

                                   Case No. 4:25-cv-218-AW-MAF

GT TECHNOLOGIES, INC.

    Defendant.
_____/

## DEFENDANT'S MOTION TO COMPEL

Pursuant to Fed. R. Civ. P. 37, Defendant, GT TECHNOLOGIES, INC. ("Defendant"), hereby files this Motion to Compel Plaintiff, QUENNEL JACKSON ("Plaintiff"), to respond to Defendant's discovery requests. In support, Defendant states:

1. On May 8, 2025, Defendant filed a two-count Complaint alleging discrimination and retaliation on the basis of national origin, race, and color under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). (ECF No. 1).

2. On July 28, 2025, Defendant filed a Motion to Partially Dismiss Plaintiff's Complaint, seeking dismissal of all but Plaintiff's race discrimination claim, for failure to exhaust administrative remedies. (ECF No. 9).

3. On November 4, 2025, the Court denied Defendant's Motion to Dismiss. (ECF No. 20).

4. Shortly thereafter, on November 7, 2025, Defendant filed its Answer. (ECF No. 21).

5. Defendant promptly engaged in the discovery process and served its First Set of Interrogatories and First Requests for Production of Documents (collectively, "Defendant's discovery requests") on Plaintiff on November 6, 2025, with responses to Defendant's discovery requests due on December 8, 2025. True and accurate copies of Defendant's discovery requests are attached as **Composite Exhibit A.**

6. On December 1, 2025, Plaintiff's counsel emailed Defendant's counsel requesting an extension of thirty (30) days to respond to Defendant's discovery requests. True and accurate copies of the emails exchanged by counsel on December 1, 2025 are attached as **Composite Exhibit B.**

7. While Defendant's counsel is generally amenable to extensions, in this case, the requested extension (through January 8, 2026) would not afford Defendant's counsel with enough time to review the responses, subpoena any third-party documents (if necessary), or meaningfully prepare for and take the Plaintiff's deposition (or any other fact witness depositions identified by the Plaintiff in his responses) before the close of discovery on January 22, 2026.

8. In an effort to compromise, that same day, Defendant's counsel advised Plaintiff's counsel that Defendant was willing to agree to an extension *only if* the Court extended the discovery window. Defendant's counsel advised Plaintiff's counsel that Defendant would not oppose Plaintiff's motion seeking a brief extension, if the extension was limited to the purpose of deposing the Plaintiff after the receipt of the discovery responses. *See* **Composite Exhibit B.**

9. By December 3, 2025, Plaintiff's counsel had not yet filed any motion with the Court to extend the discovery window, so Defendant's counsel followed up by email, reiterating the position that it was consenting to an extension of the discovery response deadline *only if* the discovery window was extended by the Court. Defendant's counsel advised Plaintiff's counsel that, without an extension to the discovery period, timely responses were necessary to complete discovery before the January 22, 2026 deadline. Plaintiff's counsel did not respond to Defendant's counsel's email. A true and accurate copy of the December 3, 2025 email is attached as **Exhibit C.**

10. On December 9, 2025, Defendant's counsel emailed Plaintiff's counsel requesting an update on the status of the past-due responses to Defendant's discovery requests. Defendant's counsel requested responses no later than December 12, 2025, and advised Plaintiff's counsel that failure to provide them by that time would result in Defendant seeking Court intervention. Defendant's counsel also offered

3

availability for a conferral call. A true and accurate copy of the December 9, 2025 email is attached as **Exhibit D.**

11. That same day (December 9, 2025), Defendant's counsel noticed the deposition of the Plaintiff for January 13, 2026.[1]

12. In a final good faith attempt to confer with Plaintiff's counsel, Defendant's counsel sent an additional conferral email on December 11, 2025, advising Plaintiff's counsel of the intent to file this motion, and once again inviting a conferral call. A true and accurate copy of the December 11, 2025 email is attached as **Exhibit E.**

13. To date, Plaintiff has not responded to Defendant's discovery requests, nor has Plaintiff's counsel responded to Defendant's counsel's December 3, December 9, or December 11 emails.

14. Despite numerous efforts by Defendant, Plaintiff and his counsel have not meaningfully participated in the discovery process. Plaintiff's timely compliance is essential, as discovery is scheduled to close on January 22, 2026. Without

---

[1] On November 7, 2025, Defendant's counsel emailed Plaintiff's counsel requesting dates for Plaintiff's deposition between December 15, 2025 and January 16, 2026. The undersigned followed up on November 14, 20, and 25, 2025, and advised counsel that the deposition would be set unilaterally if dates were not provided by December 1, 2025. On December 3, 2025, while following the status of Plaintiff's intent to seek a discovery extension in this case, Defendant's counsel once again asked about deposition dates. Plaintiff's counsel has never provided availability, so Defendant's counsel unilaterally set the deposition. Defendant's counsel is willing to reset the deposition within the current discovery window, subject to Plaintiff's counsel providing availability on a mutually agreeable date.

meaningful participation by Plaintiff in the case he initiated, Defendant cannot adequately prepare a defense against Plaintiff's allegations.

15. Defendant will be prejudiced if Plaintiff fails to provide responses to Defendant's discovery requests in a timely fashion.

## **MEMORANDUM OF LAW**

Rules 33 and 34 of the Federal Rules of Civil Procedure require a party served with written interrogatories or requests for production of documents to serve written responses within thirty days of service. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). If the party served with the written discovery does not provide responses within thirty days, the propounding party may seek an order compelling those responses pursuant to Rule 37, which provides, in relevant part:

> (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> …
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B).

Plaintiff has failed to provide <u>any</u> responses to Defendant's discovery requests. There is no justification or excuse for Plaintiff's abject failure to participate

5

in the discovery process – a routine and ordinary step in the litigation process which he chose to initiate by filing suit. Without a Court order compelling discovery, Defendant will be prejudiced in its defense. Plaintiff's deposition is currently scheduled for January 13, 2026; if it must be rescheduled, there are only nine days (three of which Defendant's counsel is unavailable) between that date and the current close of discovery during which the deposition (and any other depositions which may be necessary) could theoretically be set. As such, Defendant requests the Court enter an order requiring Plaintiff to provide complete responses to Defendant's discovery requests within seven (7) days.

Furthermore, where, as here, a party fails to timely respond to discovery requests, that party waives all objections to the discovery at issue, save for privilege. *See, e.g. Vaughn v. 21st Century Sec. Ins. Co.*, No. 3:12cv410/MCR/CJK, 2013 U.S. Dist. LEXIS 197242, at *3 (N.D. Fla. Oct. 9, 2013) ("failure to serve a timely objection to any of the interrogatories constitutes a waiver of the right to object"); *Pitts v. Francis*, No. 5:07cv169/RS/EMT, 2008 U.S. Dist. LEXIS 41894, at *6 (N.D. Fla. May 28, 2008) ("as a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived"). Accordingly, any responses Plaintiff submits at this time should be without objection, save for privilege.

Additionally, this Court may award Defendant its reasonable expenses incurred from Plaintiff's discovery abuses. Rule 37 provides that if a motion to compel discovery is granted, the Court must, after giving an opportunity to be heard, require the party and/or its counsel to pay the moving party is reasonable expenses incurred in making the motion, including its attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A). While there are circumstances where the Court must not order such a payment, they are limited and cannot be demonstrated here. Defendant's counsel made good-faith efforts to compromise with Plaintiff's counsel, offering consent to a limited discovery extension to allow Plaintiff's counsel more time to provide responses, while still preserving Defendant's ability to depose the Plaintiff after meaningful time to review the responses and seek third-party documents, if any. *See* **Composite Exhibit B; Exhibit C.** Defendant's counsel even offered additional time to provide discovery responses before seeking Court intervention. *See* **Exhibit D.** Plaintiff's counsel has not even responded to Defendant's counsel's emails since December 1, 2025. The complete lack of communication or participation in reasonable discovery is inexcusable, and Plaintiff and/or his counsel should be required to pay Defendant's reasonable expenses associated with this motion.

**WHEREFORE**, Defendant, GT TECHNOLOGIES, INC., respectfully requests that the Court enter an Order (1) compelling Plaintiff to fully respond to Defendant's First Set of Interrogatories and First Requests for Production, without

7

objections save for privilege objections, within seven (7) days of the entry of the Order, without further delay or objection, (2) awarding Defendant its reasonable expenses incurred in making this motion, including reasonable attorneys' fees, and (3) order such other or additional relief as it deems just and appropriate.

## **LOCAL RULE 7.1(B) CERTIFICATION**

Pursuant to Northern District of Florida Local Rule 7.1(B), the undersigned certifies that the undersigned made several attempts to confer with Plaintiff's counsel in a good faith effort to resolve this dispute without Court intervention, as outlined in greater detail in the motion. *See also* **Exhibits D and E.** The undersigned most recently attempted to confer on December 11, 2025, but Plaintiff's counsel failed to respond to any conferral attempts.

## **LOCAL RULE 7.1(F) CERTIFICATION**

The undersigned certifies that this motion and the accompanying memorandum of law (excluding the Local Rule certifications) total 1,533 words.

Dated: December 12, 2025

Respectfully submitted,

/s/ Elizabeth Jozsi
Elizabeth Jozsi
Florida Bar No: 119428
Sarah Kuehnel
Florida Bar No: 124765
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
100 North Tampa Street
Suite 3600
Tampa, FL 33602
Telephone: 813.221.7239
Facsimile: 813.289.6530
elizabeth.jozsi@ogletree.com
sarah.kuehnel@ogletree.com
Secondary emails:
celynda.pavone@ogletree.com
melissa.salazar@ogletree.com
susan.urso@ogletree.com
TAMdocketing@ogletree.com

*Attorneys for Defendant GT TECHNOLOGIES, INC.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 12, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Emanuel Kataev, Esq.
David Pinkhasov, Esq.
Consumer Attorneys, PLLC
6829 Main Street
Flushing, NY 11367
Telephone: 718.412.2421
Facsimile: 718.489.4155

9

ekataev@consumerattorneys.com
dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiff*

**I FURTHER CERTIFY** that to the best of my knowledge there are not any non-CM/ECF participants that require notification of this response via U.S. Mail.

/s/ *Elizabeth Jozsi*
Attorney