# COMPOSITE EXHIBIT A

**Jozsi, Elizabeth T.**

| | |
|---|---|
| **From:** | Pavone, Celynda |
| **Sent:** | Thursday, November 6, 2025 4:33 PM |
| **To:** | ekataev@consumerattorneys.com; dpinkhasov@consumerattorneys.com |
| **Cc:** | Jozsi, Elizabeth T.; Kuehnel, Sarah; Salazar, Melissa E; TAM Docketing |
| **Subject:** | SERVICE OF DISCOVERY DOCUMENTS - Quennel Jackson v. GT Technologies, Inc. - Case No. 4:25-cv-00218 [ODNSS-OGL.054097.000010] |
| **Attachments:** | 2025.11.06 - RFPs to Plaintiff.pdf; 2025.11.06 - ROGs to Plaintiff.pdf; Quennel Jackson - Employment Authorization.pdf; Quennel Jackson - DEO Authorization.pdf; Quennel Jackson - Medical HIPAA Authorization.pdf; Quennel Jackson - Social Security Authorization.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

| | |
|---|---|
| Court Identity: | United States District Court, Northern District of Florida, Tallahassee Division |
| Case No.: | 4:25-cv-00218 |
| Case Style: | Quennel Jackson v. GT Technologies, Inc. |
| Document(s) being served: | <ul><li>Defendant's First Requests for Production of Document to Plaintiff</li><li>Defendant's First Set of Interrogatories to Plaintiff</li><li>HIPAA Compliant Authorization for Release of Employment Information and/or Records</li><li>HIPAA Compliant Authorization for Release of Medical Records and Information Pursuant to 45 CFR §164.508</li><li>Certified Authorization for Release of Records Department of Economic Opportunity</li><li>SSA Consent for Release of Information</li></ul> |
| Sender's Name: | Elizabeth T. Jozsi, Esq.<br>Sarah Kuehnel, Esq. |
| Sender's Telephone No: | 813-289-1247 |

**Celynda Pavone | Practice Assistant | Ogletree Deakins**
100 North Tampa Street, Suite 3600 | Tampa, FL 33602 | Telephone: 813-221-7214
celynda.pavone@ogletree.com | www.ogletree.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

QUENNEL JACKSON,

     Plaintiff,

v.

                        Case No. 4:25-CV-00218-AW-MAF

GT TECHNOLOGIES, INC.,

     Defendant.

_____ /

## DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Fed. R. Civ. P. 34, Defendant, GT TECHNOLOGIES, INC. ("Defendant"), by and through its undersigned counsel, hereby propounds these requests for production of documents to Plaintiff, QUENNEL JACKSON, to produce the documents described below at the office of Defendant's counsel at  Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 100 North Tampa Street, Suite 3600, Tampa, FL 33602, or at such other reasonable time and place as may be mutually agreed upon by counsel for Defendant and Plaintiff. Pursuant to Rule 34(b)(2)(E)(i) of the Federal Rules of Civil Procedure, Plaintiff shall organize and label the requested documents to correspond with the categories enumerated in this request when producing said documents. All Requests for Production are continuing, requesting production of any responsive documents as they come into Plaintiff's possession, custody, or control.

## <u>DEFINITIONS AND INSTRUCTIONS</u>

**A.    As used herein, the words and phrases set out below shall have the following meaning:**

1.    The terms "Plaintiff," "you," and "your" (and the plural thereof) refer without limitation to Plaintiff, Quennel Jackson, his attorneys and agents, and all persons acting on his behalf and, during this case, the investigation of this case, administrators, successors, agents and assigns, or any other person acting for, or purportedly acting on behalf of or in concert with Plaintiff.

2.    The terms "GT Technologies, Inc.," "GT Technologies," and "GT" shall mean the Defendant, GT Technologies, Inc., its successors, employees, agents and assigns, or any other person or entity acting for, or purportedly acting on behalf of or in concert with GT Technologies, Inc.

3.    "Action" means the case styled *Quennel Jackson v. GT Technologies, Inc.,* Case No. 4:25-CV-00218-AW-MAF, pending in the United States District Court for the Northern District of Florida, Tallahassee Division.

4.    "Complaint" means Plaintiff's Complaint filed in the above-captioned case, and any amended or supplemental versions of the same.

5.    The term "communication(s)" shall mean any oral or written statement, dialogue, colloquy, discussion, conversation, or direct or indirect representation and, also, means any transfer of thoughts or ideas between persons by means of documents,

2

and includes any transfer of data from one location to another by electronic or similar means.

6.     The word "person(s)" means a natural person or entity, including, without limitations, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts, estates, and any other legal, business, or governmental entity.

7.     The terms "concerning," "relate to," and "relating to," mean referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting, mentioning, supporting or concerning, directly or indirectly, or in any way relevant to the specified subject.

8.     "Describe," "describing," and "set forth," shall mean to state the substance of the event, circumstances, communication, representation, conversation, meeting, transaction, occasion, or other occurrence in question; the date, time, place, and identity of all persons present there or participating therein; that which each such person said and did; the approximate duration of such occurrence; the method of means of communication employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired.

9.      The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any information (as defined herein) which might otherwise be construed to be outside the scope of this discovery request. The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive as necessary, to make the request inclusive rather than exclusive; the word "including" means "including without limitation," the word "he" or any other masculine pronoun includes any individual regardless of sex. The use of any tense of any verb shall be considered to include also in its meaning all other tenses of the verb so used.

10.     "Document" or "documents" has the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure and shall also mean and include, without limitation, all electronically stored information in its native format in your actual or constructive possession. The term "document" includes all written, printed, typed, recorded, transcribed, punched, taped, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, or made, in the actual or constructive possession, custody, or control of Plaintiff, including, but not limited to, all writings, letters, envelopes, routing slips, statements, computer printouts, pleadings, filings, worksheets, tabulations, records, and/or minutes of meetings, handwritten notes, instruments, specifications, logs, plans, drawings, sketches, diagrams, blueprints, Photostats, charts, motion pictures,

bulletins, telegrams, telexes, memoranda, notes, instructions, literature, work assignments, notebooks, diaries, calendars, records, agreements, contracts, notations of telephone or personal conversations or conferences, messages, inter-office or intra-office communications, e-mail, microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, checks, credit card vouchers, statements of account, receipts, invoices, graphs, photographs, drafts, data sheets, data compilations, computer data sheets, computer data compilations, work sheets, statistics, speeches or other writings, tape recordings, audiotapes, videotapes, phonograph records, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, or any other tangible thing that records information in any way.  The term "document" shall include the original and any copies that differ in any manner whatsoever from the original (whether different from the original because of notes made on such copy or otherwise) and any drafts thereof. For purposes of this definition, a document is within the possession or control of you if it is in the possession or control of any of your attorneys, investigators for your attorneys, independent accountants, directors, trustees, or any person acting on behalf of, or in concert with you, or with any of the above-referenced individuals, or otherwise in their possession or control.

11.    "Social Media Communications" shall mean, without limitation, any posts, messages sent or received, tweets, photos, or other writings and/or

5

communications posted on social media websites, including, but not limited to, Facebook, LinkedIn, X (formerly Twitter), Instagram, Snapchat, TikTok, or other similar websites or forums.

**B.    In Construing these Requests:**

1.    In responding to these requests, produce all documents and things that are in your custody, possession, or control, including documents and things in the custody, possession, or control of your attorneys, investigators for your attorneys, independent accountants, agents, or any person acting on behalf of, or in concert with you, or with any of these individuals, and not merely documents and things from your own personal files.

2.    If you cannot respond to any of the following requests in full, respond as completely as possible, specifying the nature (if known) and reasons why you are unable to respond in full, and provide whatever information you have concerning the unprovided things, documents, or portions of documents, including the source or sources from which the things, documents, or portions of documents can be obtained, and that portion of the documentation that can be produced.

3.    If documents or things requested are not reasonably available to you in precisely the form requested, or for the particular date or period specified, but could be produced in a modified form and/or for a slightly different date or period, then you

are requested to respond to that request in such modified form or for such different date or period.

4.      If any document or thing that is responsive to a request is incomplete or has been altered, state in what respect the document or thing is incomplete or altered, and explain the reasons therefore.

5.      Each request shall be responded to by number and, if no documents are produced for a particular request, a specific reason for failure to produce shall be stated.

6.      If the documents requested in this Request for Production of Documents are unavailable because they have been destroyed or lost, identify which documents were destroyed or lost by date, author, addressee, and subject matter; if the documents were destroyed, state when, why, how, and by whom they were destroyed; and state further the identity of the person(s) ordering, authorizing, and supervising such disposition, the reason for the disposition and the person(s) performing such disposition, the identity of all persons having knowledge of such document or thing, or the substance or contents of the document or the nature of the thing disposed of, the identity of all persons having knowledge of such document or thing; and if lost, state when they were determined to have been lost, when and in whose possession they were last known to exist, and any known circumstances concerning their disappearance or loss.

7.      If any document or portion thereof is, or will be, withheld because of a claim of privilege:

      a.      Identify each document or communication;

      b.      Identify the privilege and set forth the factual basis for the privilege claimed; and

      c.      Set forth each subparagraph of the Request to which each such document or communication is responsive.

8.      This request shall be deemed continuing so as to require prompt, further, and supplemental production (without further request by Defendant or its attorneys), if you locate or obtain possession, custody, or control of additional responsive documents at any time prior to trial herein.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      All documents or other tangible things that you have retained pertaining in any way to your employment with Defendant, including handbooks, policy manuals, procedures, guides, notes, forms, correspondence, evaluations, test results, memoranda, and any other such materials.

2.      All documents or other tangible things which reflect or set forth your job assignments, duties, and responsibilities during your employment with Defendant.

3.      All paycheck stubs and any other documents relating to or reflecting any wages earned by you while employed with Defendant.

4.      All documents or other tangible things that contain any procedures, terms and/or conditions of employment which you directly or indirectly rely upon in this Action.

5.      All documents or other tangible things related to any investigations or disciplinary actions that you have may have been subject to by any of your employers.

6.      All documents that you sent to, or received from, any government agency in relation to any allegation that is contained in the Complaint.

7.      All documents or other tangible things related to your allegation of discrimination as alleged in the Complaint.

8.    All documents or other tangible things related to your allegation of retaliation as alleged in the Complaint.

9.    All documents or other tangible things related to your allegation that Defendant violated Title VII of the Civil Rights Act of 1964.

10.    All documents referring or relating to any prior grievance, charge, or complaint submitted by Plaintiff against any employer that Plaintiff was wrongfully terminated, subjected to discrimination or retaliation, harassed, or subjected to any other objectionable employment practice.

11.    All documents concerning any medical condition (including substance abuse) or emotional distress allegedly suffered by Plaintiff as a result of the events in this Action, including, but not limited to, any and all medical, psychological, or other professional records and reports of medical, psychological, or other health care professional evidencing any treatment for such condition.

12.    All documents relating to prescription medications that have been prescribed for you in the preceding five (5) years.

13.    All documents or other tangible things related to your allegation that Defendant inflicted emotional distress on you.

14.    All documents relating to or reflecting any complaints you made to any employee or agent of Defendant, and any response(s) you received from any employee or agent of Defendant, if any.

15.    All documents related to communications, conversations (including conversations through social media), interviews, or meetings between Plaintiff and any other individual related to the claims in this Action.

16.    All statements, affidavits, interview notes, meeting notes, audio or video tape recordings, and handwritten or typewritten notes received from or taken from any person (including any former or current employees of Defendant) related to any allegations set forth in this Action.

17.    All e-mails, electronic data or documents, or text messages that relate to any of the claims alleged or damages sought in Plaintiff's Complaint.

18.    All documents relating to or referring in any way to any lawsuits in which you have ever been a party or a witness, and any administrative charges and/or claims you have ever filed (including, but not limited to, charges or claims filed with the EEOC, the Florida Commission on Human Relations, and the Department of Labor).

19.    All documents or other tangible things related to any loss of income, benefits, or any other financial loss that you claim was caused by Defendant.

20.    All documents or other tangible things related to your termination by Defendant.

21.    All documents related to Plaintiff's termination of Plaintiff's employment with any other employer other than Defendant.

22.    All documents relating to any employment positions you have held since your employment with Defendant, including, but not limited to, any and all employment contracts, salary/compensation information, benefit information (e.g., summary plan descriptions and brochures), time records, employment files, written descriptions of all positions held by you, performance evaluations, job reviews, complaints, labor grievances, investigations, warning notices, awards, honors, and documents related to any discipline, alleged misconduct, job coaching, or work performed by you.

23.    All documents related to any efforts Plaintiff has made to seek other employment during Plaintiff's employment with Defendant or after Plaintiff's termination of employment from Defendant, including job postings, applications, resumes, documents Plaintiff sent to prospective employers, documents that reflect Plaintiff's job search efforts, documents submitted to or received from prospective employers, or any recruiting or "headhunting" agencies.

24.    All documents or other tangible things related to damages Plaintiff has purportedly suffered and will purportedly continue to suffer, including, but not limited to, economic damages, non-economic damages, emotional distress, and other damages and losses, including punitive damages.

25.    All records from each medical care provider, physician, clinic, hospital, treatment center, counseling facility, holistic medicine facility, and/or rehabilitation

facility for the last ten (10) years, including records that detail each visit or session, including the name, address, and telephone number of the provider, facility, and/or professional; the condition for which you sought consultation, examination, care, or treatment; the date(s) of each such consultation, examination, care, or treatment; your diagnosis and prognosis given at each such visit or session; and the treatment received, including medication and/or hospitalization. **Please also fill out, execute, and provide an Authorization to Release Medical Information form served herewith for each medical care provider, physician, clinic, hospital, treatment center, counseling facility, holistic medicine facility, and/or rehabilitation facility from which you received consultation, examination, care, or treatment.**

26.    All documents or other tangible things related to any efforts Plaintiff has made at any time to mitigate any damages Plaintiff has allegedly suffered, as set forth in the Complaint.

27.    All documents or other tangible things related to any release, settlement agreement, or other writing or instrument which limits, reduces, or extinguishes the actual and/or potential liability of any party to this matter.

28.    All documents that support your entitlement to request attorneys' fees for bringing this action.

29.    All documents that evidence, refer to, or relate to your fee arrangement with your attorneys, your obligation to pay your legal counsel a reasonable fee, and the costs incurred in the prosecution of this action.

30.    All documents referring or relating to any bankruptcy or insolvency proceedings related to Plaintiff in the past ten (10) years.

31.    All documents concerning any other litigation or legal proceedings, including, but not limited to, any criminal or quasi-criminal proceedings, that Plaintiff has ever been involved in, either as a plaintiff, defendant, charging party, respondent, party, or witness, including, but not limited to, all pleadings, filings, correspondence, answers to interrogatories, transcripts, and affidavits/statements.

32.    All documents or other tangible things that support your allegation that Defendant is responsible for the injuries or damages allegedly sustained by you.

33.    All documents reviewed in preparation of or referenced in your responses to Defendant's First Set of Interrogatories served concurrently herewith.

34.    All notes, calendars, diaries, tapes or other documents, including electronically stored information generated or maintained by you concerning your employment with Defendant relating to the claims in the Complaint, or any facts or allegations in this Lawsuit.

35.    All documents reflecting Plaintiff's income, compensation, pay, wages, and earnings since January 1, 2020, including Plaintiff's federal and state income

tax returns (including any W-2 forms relating to such tax returns and any supporting records identifying all income), for the years 2020 through the present, inclusive, and other subsequent tax returns filed before the time of trial.

36.    All Social Media Communications regarding Defendant.

37.    All Social Media Communications regarding the allegations in this Lawsuit.

38.    All documents which would indicate or relate to Plaintiff's application for or receipt of workers' compensation, unemployment compensation insurance, Social Security, or other assistance or benefits of any type since September 5, 2023. **Please also complete and execute the attached Consent for Release of Information to the Social Security Administration.**

39.    Any reports or documents prepared by any expert whom you expect to call as a witness in this case or whom you have consulted with in connection with this case.

40.    The current resume or curriculum vitae of any opinion witness, expert witness, or treating physician witness who will testify at trial.

41.    A detailed description of all prior testimony of any opinion witness, expert witness, or treating physician witness who will testify at trial.

42.    A list of all articles authored by any opinion witness, expert witness, or treating physician witness who will testify at trial.

43.    All documents or other information relied on by any opinion witness, expert witness, or treating physician witness in reaching their conclusions, or otherwise reviewed by any such opinion witness, expert witness, or treating physician witness, whether or not ultimately relied upon in reaching their conclusions.

44.    All documents or other tangible things that relate to any claim, complaint, or charge of discrimination filed by or on behalf of Plaintiff with any local, state or federal agency, department, or office, including, but not limited to, the United States Equal Employment Opportunity Commission, the Florida Commission on Human Relations, the Florida Department of Commerce, f/n/a Department of Economic Opportunity (unemployment hearings), or any other local fair employment practices agency, against any employer for whom Plaintiff has worked. **Please also complete and execute the attached Certified Authorization for Release of Records from the Department of Commerce.**

45.    All documents in Plaintiff's possession or control, not otherwise produced in response to any other paragraph contained in Defendant's First Request for Production, that Plaintiff believes are relevant to this Lawsuit.

Dated: November 6, 2025                Respectfully submitted,

                                       /s/ Elizabeth Jozsi
                                       Elizabeth Jozsi
                                       Florida Bar No: 119428
                                       Sarah Kuehnel
                                       Florida Bar No: 124765
                                       OGLETREE, DEAKINS, NASH, SMOAK
                                            & STEWART, P.C.
                                       100 North Tampa Street
                                       Suite 3600
                                       Tampa, FL 33602
                                       Telephone:  813.221.7239
                                       Facsimile:  813.289.6530
                                       elizabeth.jozsi@ogletree.com
                                       sarah.kuehnel@ogletree.com
                                       Secondary e-mails:
                                       celynda.pavone@ogletree.com
                                       melissa.salazar@ogletree.com
                                       TAMdocketing@ogletree.com

                                       *Attorneys for Defendant*
                                       *GT Technologies, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 6, 2025, a true and correct copy of

the foregoing was served via e-mail to:

Emanuel Kataev, Esq.
ekataev@consumerattorneys.com
David Pinkhasov, Esq.
dpinkhasov@consumerattorneys.com
*Attorneys for Plaintiff*

                                       /s/ Elizabeth Jozsi
                                       Attorney

17

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

QUENNEL JACKSON,

      Plaintiff,

v.

                                Case No. 4:25-CV-00218-AW-MAF

GT TECHNOLOGIES, INC.,

      Defendant.

_____ /

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Fed. R. Civ. P. 33, Defendant, GT TECHNOLOGIES, INC. ("Defendant"), by and through its undersigned counsel, hereby serves its First Set of Interrogatories to Plaintiff, QUENNEL JACKSON. These interrogatories are propounded pursuant to the Federal Rules, which require that they be signed and answered in writing under oath within thirty (30) days of service.

## I.     DEFINITIONS AND INSTRUCTIONS

**A.    As used herein, the words and phrases set out below shall have the following meaning:**

1.    The terms "Plaintiff," "you," and "your" (and the plural thereof) refer without limitation to Plaintiff, Quennel Jackson, his attorneys and agents, and all persons acting on his behalf and, during this case, the investigation of this case,

administrators, successors, agents and assigns, or any other person acting for, or purportedly acting on behalf of or in concert with Plaintiff.

2.      The terms "GT Technologies, Inc.," "GT Technologies," and "GT" shall mean the Defendant, GT Technologies, Inc., its successors, employees, agents and assigns, or any other person or entity acting for, or purportedly acting on behalf of or in concert with GT Technologies, Inc.

3.       "Action" means the case styled *Quennel Jackson v. GT Technologies, Inc.,* Case No. 4:25-CV-00218-AW-MAF, pending in the United States District Court for the Northern District of Florida, Tallahassee Division.

4.      "Complaint" means Plaintiff's Complaint filed in the above-captioned case, and any amended or supplemental versions of the same.

5.      "Document" or "documents" shall have the same meaning as in Fed. R. Civ. P. 34 and means and includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: computer tapes, disks, drums, memory cores, or other computer media; computer printouts or other lists; itineraries; correspondence; communication of any nature; telegrams; memoranda, including internal memoranda and the memoranda to the file; notebooks of any character; charts; summaries or records of personal conversation; notes of telephone conversations;

calendars; diaries or excerpts therefrom; logs; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of investigations; agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts, or translations of any document; tape recordings; dictation recordings and belts; audio tapes and videotapes; data compilations; and/or all tangible items. Any document with marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request.

6.     "Document" also includes any copy of an original document if the original is unavailable. This definition covers all such documents so defined in your possession and/or control that are known by you to exist.

7.     As used herein, the phrase "all documents" means every document or group of documents or communication as defined herein that are known to Plaintiff or that can be located or discovered by reasonably diligent efforts.

8.     "Communication(s)" means any transmission of information from one person to another person or persons, regardless of the medium by which such information occurred.

9.     "Each" includes the word "every," and "every" includes the word "each." "Any" includes the word "all," and "all" includes the word "any." "And" includes the word "or," and "or" includes the word "and."

10.     "Person" or "persons" refers to and includes an individual(s), firm(s), partnership(s), corporation(s), proprietorship(s), joint venture(s), association(s), governmental body(s), association(s) of individuals, or any other organization or entity.

11.     "Related to" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter and shall be construed to mean "refer to," "constitute," "contain," "mention," "discuss," "describe," "supports," "corroborates," "demonstrates," "evidences," "shows," "refutes," "disputes," "rebuts," "controverts," "contradicts," or "comments upon."

12.     "Identification" or "identify" shall mean:

(a)     as to an individual, stating his or her:

        (1)     full and customarily used names;

        (2)     present address and telephone number(s);

      (3)    e-mail address(es); and

      (4)    office, title, or position held.

(b)    as to any person other than an individual, stating:

      (1)    its legal name and any other names used by it;

      (2)    the form or manner or its organization (e.g., partnership, corporation, etc.); and

      (3)    the state of its incorporation (if it is incorporated) and the address of its principal place of business and telephone number.

(c)    as to a document, stating:

      (1)    the date of its creation, execution and receipt;

      (2)    its author or signatory;

      (3)    its addressee and every other recipient or person having knowledge of its contents or whereabouts;

      (4)    its type or nature (e.g., letter, memorandum, etc.) including its subject matter (which shall be stated with particularity);

      (5)    the name and the business and home addresses of the custodian of the document; and

      (6)    the present location of the document.

(d)    as to an act, event, transaction or occurrence, stating:

      (1)    its date;

(2)    the place where it took place and the manner of its occurrence (e.g., face-to-face meeting of participants, telephone calls, etc.);

(3)    the identification of all its participants and eye-witnesses to its occurrence; and

(4)    its purpose and subject matter; and a concise description of what transpired.

13.    As used herein, "Employee" means an employee of GT Technologies, Inc.

14.    "Confidential Information" shall mean information not generally known by GT Technology Inc.'s competitors or the general public concerning GT Technology Inc., including but not limited to: its product line and development information, technical data, marketing techniques and trends, pricing procedures and lists, business plans and financial strategies, compensation and commission plans, customer information, including preferences and buying history, physician information, including service contracts and consulting agreements, and Protected Health Information (as such term is defined in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA")), including patient names, dates of birth, and test results.

15.    All words in the present tense include the past tense and all words in the past tense include the present tense.

**B.    In Construing these Interrogatories:**

1.    The singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

2.    If you object to the scope or time period of an interrogatory and refuse to answer for that scope or time period, state your objection and provide an answer for the scope or time period you believe is appropriate.

3.    In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, each of these interrogatories shall be deemed to be continuing in nature and you are under a duty to reasonably amend and/or supplement your responses hereto.

4.    Electronic records and computerized information should be produced in an intelligible format and together with a description of the system from which they are derived, rendering the material intelligible.

5.    In answering these interrogatories, furnish all information available to Plaintiff. Include all information in the possession of Plaintiff's attorneys, their investigators, or any person acting on Plaintiff's behalf, and not merely information as is known of Plaintiff's own personal knowledge. If Plaintiff cannot answer a part of these interrogatories in full, after exercising due diligence to secure the information requested, so state that Plaintiff is unable to answer the interrogatory fully and answer the remainder as fully as possible, stating whatever information or

knowledge Plaintiff has concerning the unanswered or partially answered portion of the interrogatory.

### C.    Claims of Privilege:

All objections or answers to Interrogatories to which Plaintiff fails or refuses to respond, in whole or part, on the ground of any claim of privilege of any kind shall, in accordance with Fed. R. Civ. P. 26:

1.    Identify the nature of the claim of privilege;

2.    State all facts relied upon in support of the claim of privilege or related thereto;

3.    Identify all documents related to the claim of privilege by (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including the author of the document, the addressee of the document, and where not apparent, the relationship of the author and addressee to each other;

4.    Identify all persons having knowledge of any facts related to the claim of privilege; and

5.    Identify all events, transactions, or occurrences related to the claim of privilege.

## INTERROGATORIES

## INTERROGATORY NO. 1:

Identify all e-mail addresses and phone numbers you have used and/or to/from which you have sent or received electronic mail, text messages, or other electronic information, including, but not limited to, photographs and videos, and identify all corresponding internet, cellular, and telephone service providers from whom you have obtained service at any time in the previous five (5) years.

## ANSWER:

**INTERROGATORY NO. 2:**

State whether you have been employed at any time (other than by GT Technologies, Inc.) (including any period of self-employment), and for each such employment state:

      A.     the name, address, and phone number of each employer;

      B.     the inclusive dates of each employment;

      C.     the job title and duties performed;

      D.     the starting and ending salary, wages, bonuses, or commissions;

      E.     the employee benefits to which you were entitled as a result of such employment;

      F.     the name and job title of your supervisor(s);

      G.     the reason(s) each employment was terminated (if applicable);

      H.     the identity and custodian of any documents related to any such employment; and

      I.     the date you first applied for the position at such employer.

For each such employment, **please execute the Employment Records Release Authorization form attached hereto, either in blank or as to each such employer.**

**ANSWER:**

**INTERROGATORY NO. 3:**

Have you ever been suspended, disciplined, terminated, laid off, asked to resign or otherwise involuntarily separated from any employment?  If so, with reference to each such discipline, suspension, termination, layoff, requested resignation, or involuntary separation, provide:

      A.    the reason or purported reason for each such action;

      B.    the date or approximate date of such action;

      C.    identify the employer who took this action;

      D.    the name of the individual(s) who informed you of such action;

      E.    the name of the individual(s) making the decision, if different from the individual who informed you; and

      F.    identify all documents that relate to such action and the custodian of such documents.

**ANSWER:**

**INTERROGATORY NO. 4:**

Describe in detail your efforts to obtain employment after (or during, if applicable) your employment with GT Technologies, Inc., up to the present time, and supplemented through trial, including:

A.    the name, address, and phone number of each company or business where you have sought employment;

B.    the means by which you sought employment (*i.e.*, by mail, email, internet, telephone, personal visit, job fairs, employment agencies, or professional recruiters, and any written documents provided to the company);

C.    the positions for which you applied;

D.    the dates of your efforts to obtain such employment;

E.    state whether you were given a job offer and, if not, state the reason given by the employer for its refusal to hire you;

F.    the identity and custodian of documents related to any of the above;

G.    identify the computer(s) or other device(s) used to seek or apply to such employment; and

H.    identify all email addresses and/or social media accounts used to seek or apply to such employment.

**ANSWER:**

**INTERROGATORY NO. 5:**

State whether you have been covered under any health and/or life insurance policy at any time since your employment with GT Technologies, Inc. ended.  If so, for each policy, describe:

      A.     the type and amount of coverage;

      B.     the dollar amounts of the deductibles and maximum out-of-pocket payments;

      C.     the insurer and the employer or entity through which such policy is provided;

      D.     the monthly premiums paid for such policy;

      E.     the dates during which you were covered under such policy; and

      F.     the identity and custodian of any documents relating to each policy.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify every person whom you believe possesses knowledge of the factual

basis for the allegations in your Complaint, and describe in detail the knowledge of

each such person.

**ANSWER:**

**INTERROGATORY NO. 7:**

With respect to your claim for damages as alleged in your Complaint, describe in detail every monetary loss and/or non-monetary loss or damage you believe you have sustained as a result of Defendant's conduct described in the Complaint, including:

    A.    the nature of the loss or damage;

    B.    identify each separate item or component constituting a part of the total damages stated in the answer to this Interrogatory;

    C.    the amount of the loss or damage and the total amount of damages being claimed by Plaintiff;

    D.    the method of calculating the dollar amount claimed for each separate item or component of damages;

    E.    the approximate date(s) or time(s) when you sustained the loss or damage;

    F.    to the extent you claim lost income as a component of your damages, identify the dates you sustained such damages, either by not working at all, or by not working in a particular role or at a particular rate of pay, and identify the total amount claimed as lost income and how that amount was calculated;

    G.    the identity of any person(s) who has knowledge of the alleged loss or damage; and

    H.    identify all documents that relate to your actual damages claim, the custodian of each document, and all persons upon whom you have relied in determining the amount of your alleged actual damages and loss.

**ANSWER:**

15

**INTERROGATORY NO. 8:**

Are you aware of any statements made by any of GT Technologies, Inc.'s employees or former employees regarding the matters alleged in your Complaint, whether oral, written or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph, or other recording, or transcription thereof?  If so, state the following for each such statement:

A.    identify the date, place, and time each such statement was taken;

B.    the name and addresses of all persons connected with taking each such statement;

C.    the names and addresses of all persons present at the time each such statement was taken;

D.    whether each such statement was oral, written, shorthand, recorded, taped, etc.;

E.    whether each such statement was signed;

F.    the names and addresses of the persons or organizations under whose direction and upon whose behalf each such statement was taken or made; and

G.    identify the current location and custodian of each such statement, or please attach an exact copy of the original of the statement, interview, report, film, or tape to your answers to these Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 9:**

State whether or not statements have been obtained from any persons mentioned in the answers to these Interrogatories, or otherwise, with regard to the matters alleged in your Complaint.  If so, state:

      A.    the names, addresses, and employers of persons whose statements were obtained;

      B.    the date, time and place of the taking of each such statement;

      C.    the names and addresses of all persons present at the time each such statement was taken;

      D.    whether each such statement was oral, written, or recorded;

      E.    whether each such statement was signed;

      F.    the names and addresses of the person or organizations under whose direction and upon whose behalf each such statement was taken; and

      G.    the name, address, employer, and job title of the person presently having control or custody of each such statement.

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify all individuals, including, but not limited to, employees, or former employees, of GT Technologies, Inc. with whom Plaintiff has discussed the events alleged in the Complaint, and with respect to each such individual, state:

    A.    the date or approximate date of each such discussion;

    B.    the substance of each such discussion as specifically as Plaintiff can recall it at this time; and

    C.    the identity and custodian of any documents relating to each such discussion.

**ANSWER:**

**INTERROGATORY NO. 11:**

If you have received any treatment, from any hospital, doctor, physician's assistant, nurse, nurse practitioner, psychiatrist, psychologist, or other health care practitioner, or any therapist, counselor, or member of the clergy of any kind, or healthcare provider of any kind, for injuries or conditions (either physical, psychological or emotional) that you contend arose out of the actions complained about in your Complaint, please identify the following:

A.    the names and addresses of all such hospitals, doctors, physician's assistants, nurses, nurse practitioners, psychiatrists, psychologists, or other health care practitioners, or any therapists, counselors, or members of the clergy of any kind providing such treatment;

B.    their area of expertise, if any;

C.    the dates of all such treatments;

D.    describe the nature and kind of treatment received and the amount of expense incurred for such treatments;

E.    identify all documents evidencing any such treatments and expenses and the custodian(s) of same; and

F.    **please sign and return the Authorization for Use or Disclosure of Protected Health Information form (including Psychotherapy Notes) form, attached hereto, either in blank or as to each such provider.**

**ANSWER:**

**INTERROGATORY NO. 12:**

Describe in detail any and all forms of medical or psychological care, treatment, and/or consultation you have received in the past ten (10) years from any hospital, doctor, physician's assistant, nurse, nurse practitioner, psychiatrist, psychologist, or other health care practitioner, or any therapist, counselor, or member of the clergy of any kind, and for each instance state the following:

   A.    the name, address and phone number of each doctor, physician's assistant, nurse, nurse practitioner, psychologist, counselor, therapist, clergy member, or other provider who has rendered such care, treatment, and/or consultation;

   B.    their area of expertise, if any;

   C.    the type of care, treatment and/or consultation rendered;

   D.    the inclusive dates of such care, treatment, and/or consultation;

   E.    the cost of such care, treatment, and/or consultation;

   F.    the identity and custodian of each document relating to any treatment, care, and/or consultation; and

   G.    **please sign and return the Authorization for Use or Disclosure of Protected Health Information form (including Psychotherapy Notes) form, attached hereto, either in blank or as to each such provider.**

**ANSWER:**

**INTERROGATORY 13:**

Have you ever been arrested, convicted, charged with, indicted for, or pleaded guilty, no contest, or nolo contendere to an alleged crime, or received a Suspended Imposition of Sentence or Suspended Execution of Sentence related to an alleged crime? If so, state the nature thereof, the date of the arrest, conviction, charge, indictment, or plea, and the court and caption in which the arrest, conviction, charge, indictment, or plea occurred.

**ANSWER:**

## INTERROGATORY NO. 14:

State whether you have ever filed an administrative or judicial complaint, charge, or action of any kind against any individual or entity, including GT Technologies, Inc., or any related entity and, if so, identify and describe in detail the date and substance of such complaint, charge, or action; the individual or entity against which it was filed, and the jurisdiction in which the complaint, charge, or action was filed; the case or cause number, and the resolution of such complaint, charge, or action.

## ANSWER:

**INTERROGATORY NO. 15:**

Identify each judicial or administrative proceeding (other than this case) in which you have been involved as a witness or a party, including, but not limited to, the nature of the proceeding and your participation; the date of filing and docket number of each such proceeding; and the present status of each such proceeding and, if it has been concluded, the nature of the disposition.

**ANSWER:**

## INTERROGATORY NO. 16:

State whether you are a member of, or have ever posted any content to, any business, social networking, or other internet or social media network, site, or web page, including, but not limited to, Facebook, LinkedIn, X (formerly Twitter), Instagram, Snapchat, TikTok, or have otherwise posted any material on the internet relating to the enumerated topics below, including, without limitation, through a blog, website, message board, chat room, or otherwise and, for each such membership or posting, identify your user name, dates of membership, and the URL or web address of the material posted.

The topics of interest for purposes of this interrogatory are:

A.  any communications with or about current or former employees of GT Technologies, Inc.;

B.  any communications with or about current, former, or prospective clients and/or customers of GT Technologies, Inc.;

C.  any communications about your employment with, and/or separation from employment with GT Technologies, Inc.;

D.  your performance while employed by GT Technologies, Inc.;

E.  your lawsuit against GT Technologies, Inc., the allegations in the lawsuit against GT Technologies, Inc., or any facts that relate to your lawsuit or allegations against GT Technologies, Inc.;

F.  your job search following (or during, if applicable) your employment with GT Technologies, Inc.;

G.  any communications with prospective employers during or following your employment with GT Technologies, Inc.;

H.    the damages you allege you have suffered as a result of GT Technologies, Inc.'s actions;

I.    information that is, or may be considered, confidential or proprietary by GT Technologies, Inc.;

J.    any alleged discrimination that occurred at GT Technologies, Inc., whether it was directed at you or somebody else;

K.    any individual instance of alleged discriminatory or other negative treatment of you or any other current or former GT Technologies, Inc.'s employee;

L.    any and all communications about this or any other litigation or administrative proceeding in which you have been involved; and

M.    any comments of any kind related to any medical condition.

If your answer is that you have posted any such material on the internet, please describe it in detail, or alternatively produce copies of any such statements, postings, or communications.

**Note that you have an obligation to preserve any and all information, including electronically stored information. Pursuant to this obligation, you are forbidden from deleting any information that appears on such networking sites.**

**ANSWER:**

**INTERROGATORY NO. 17:**

Identify all witnesses who will or may testify at the trial of this action and, for each such witness, state the name, address, and phone number of the witness.

**ANSWER:**

**<u>INTERROGATORY NO. 18:</u>**

Identify all opinion witnesses, expert witnesses, or treating physicians you intend to call to testify in this case, and for each such witness, state:

A.    the name, address, and telephone number of the witness;

B.    the subject matter on which the witness is expected to testify;

C.    the conclusions and opinions to which the witness will testify, and the basis therefore;

D.    the qualifications of the witness and the curriculum vitae and/or resume;

E.    all dates on which the witness interviewed and/or examined Plaintiff;

F.    all documents related in any way to this case seen by the witness; and

G.    identify all reports of the witness.

**<u>ANSWER:</u>**

**INTERROGATORY NO. 19:**

Identify any documents relating to your employment with GT Technologies, Inc., and/or the matters alleged in your Complaint that no longer exist or are no longer in your possession or control. Also provide the following information:

A.      if the documents are no longer in your possession or control, identify the current location and custodian of the documents; and

B.      if the documents no longer exist, state whether they were destroyed, when, where, and by whom.

**ANSWER:**

28

**INTERROGATORY NO. 20:**

Identify each and every person with whom you have consulted, upon whom you relied, or who otherwise constituted a source of information for you in the preparation of your answers to these Interrogatories, listing with respect to each and every person the number of each Interrogatory, as to which he or she helped to prepare answers, or with respect to which he or she was consulted, relied upon, or otherwise constituted a source of information.

**ANSWER:**

**INTERROGATORY NO. 21:**

Identify any statements, information, and/or documents known to you, and requested by any of the foregoing Interrogatories, which you claim to be work product or subject to any common law or statutory privilege, and with respect to each Interrogatory, specify the legal basis for the claim.

**ANSWER:**

## **VERIFICATION**

I certify that the foregoing statements are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment. I also certify that the copies of the documents annexed hereto are exact copies of the documents; that the existence of other documents responsive to GT Technologies, Inc.'s Interrogatories is unknown to me; and that if other responsive documents later become known or available, I shall serve them promptly on GT Technologies, Inc.

_____
Quennel Jackson

STATE OF _____ )
                                                                  )
COUNTY OF_____ )

BEFORE ME, the undersigned authority, personally appeared Michelle Defilippis to me well known and known to me to be the person described in and who executed the foregoing instrument, and who is [ ] personally known to me or who [ ] has produced as identification, and who did take an oath, and swears under penalty of perjury that the foregoing is true and correct.

WITNESS my hand and official seal this _____ day of _____, 2025.

_____

[SEAL]

Notary Public – State of _____
Print Name:_____
My Commission No.:_____
My Commission Expires:_____

31

Dated: November 6, 2025          Respectfully submitted,

*/s/ Elizabeth Jozsi*
Elizabeth Jozsi
Florida Bar No: 119428
Sarah Kuehnel
Florida Bar No: 124765
OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.
100 North Tampa Street
Suite 3600
Tampa, FL 33602
Telephone:  813.221.7239
Facsimile:  813.289.6530
elizabeth.jozsi@ogletree.com
sarah.kuehnel@ogletree.com
Secondary e-mails:
celynda.pavone@ogletree.com
melissa.salazar@ogletree.com
TAMdocketing@ogletree.com

*Attorneys for Defendant*
*GT Technologies, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 6, 2025, a true and correct copy of

the foregoing was served via e-mail to:

Emanuel Kataev, Esq.
ekataev@consumerattorneys.com
David Pinkhasov, Esq.
dpinkhasov@consumerattorneys.com
*Attorneys for Plaintiff*

*/s/ Elizabeth Jozsi*
Attorney

32