UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

QUENNEL JACKSON

    Plaintiff,

v.

                               Case No. 4:25-cv-218-AW-MAF

GT TECHNOLOGIES, INC.

    Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO "PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS"**

Defendant, GT TECHNOLOGIES, INC. ("Defendant"), hereby files this Response in Opposition to the "Motion for Extension of Time to Respond to Defendant's Motion to Dismiss"[1] (hereafter, "Plaintiff's Motion") filed by Plaintiff, QUENNEL JACKSON ("Plaintiff"). In support, Defendant states:

1. On December 12, 2025, Defendant filed a Motion to Compel (hereafter "Defendant's Motion"). (ECF No. 22).

2. Due to the upcoming discovery deadline, and to allow for a prompt resolution of the matter, that same day, the Court entered an Order requiring Plaintiff

---

[1] Plaintiff's Motion is styled as a request to respond to Defendant's Motion to Dismiss, which is a scrivener's error as the Motion clearly requests time to respond to Defendant's Motion to Compel.

file an expedited response to Defendant's Motion. (ECF No. 23). Specifically, the Court ordered Plaintiff to file a response on or before December 17, 2025.

    3.      Plaintiff did not file a response to Defendant's Motion.

    4.      Instead, on December 18, 2025 (one day after the deadline), Plaintiff filed Plaintiff's Motion. (ECF No. 24).

    5.      Plaintiff's Motion acknowledges the December 17 deadline but asks the Court for an *additional* eight days (through December 26, 2025) to respond, even though the deadline to respond so had passed. Such action warrants denial of Plaintiff's Motion, in accordance with Local Rule 41.1 ("If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken").

    6.      In support of Plaintiff's Motion, Plaintiff's counsel cites to deadlines in other cases which they claim prevented their timely response to Defendant's Motion. Specifically, Plaintiff's counsel cites to deadlines in *Superb Motors Inc. et al. v. Deo, et al.* (Case Nos. 25-1330 and 25-2189, filed in the U.S. Court of Appeals, Second Circuit) and *Fernandez V. Bulldozer Hospitality Group, Inc. et al* (Case No. 1:25-cv-4490, filed in the U.S. District Court, Southern District of New York).

7. In *Superb Motors,* the appeals have been pending since May (Case No. 25-1330) and August (Case No. 25-2189). Plaintiff's counsel has had ample time to prepare initial briefs in both matters.[2]

8. In *Fernandez*, there does not appear to be a motion to certify a class action pending on the public docket. Furthermore, the motion for partial summary judgment referenced in Plaintiff's Motion was filed on December 12, 2025 (*see* Doc. 66 in that case), the same day Defendant's Motion was filed in this case, and well after Plaintiff's discovery responses that are the subject of Defendant's Motion were due. By Plaintiff's counsel's admission, that response is not due until January.

9. Furthermore, Plaintiff's counsel has not provided <u>any</u> explanation as to why either of those cases take precedence over this one, nor have they explained why the Court's Order was ignored.

10. Additionally, there are two attorneys of record in this case: Emanuel Kataev, Esq. and David Pinkhasov, Esq. However, according to the public docket, only <u>one</u> of those attorneys (Mr. Kataev) is an attorney of record in either the *Superb Motors* or the *Fernandez* cases. There is no explanation as to why Mr. Pinkhasov was unable to timely respond to Defendant's Motion.

---

[2] Plaintiff's counsel sought a 90-day extension in those cases, which was denied. *See* Docs. 63-64 in Case No. 225-1330 and Docs. 30-31 in Case No. 25-2189)

3

11. Plaintiff's request not only flies in the face of a Court order but underscores the very reason the Court shortened the normal fourteen-day response deadline in the first place. Discovery in this matter closes January 22, 2026, and a prompt resolution of Defendant's Motion is necessary to avoid unnecessary delay or prejudice to Defendant.

12. Plaintiff's Motion inaccurately states that Defendant will not be prejudiced by the extension because the "suggested date remains well in advance of any upcoming depositions." This assertion fails to consider the time it will take for the Court to rule on Defendant's Motion, nor does it account for time for Plaintiff to respond to the overdue discovery requests that will allow Defendant's counsel meaningful opportunity to prepare for Plaintiff's deposition.

13. Further, Plaintiff's counsel practically acknowledges that this delay will impact discovery, as Plaintiff's Motion suggests that "Plaintiff is prepared to extend the time to complete discovery." Plaintiff's counsel indicated they would seek a motion to extend discovery <u>three weeks ago</u> in an email to Defendant's counsel (*see* ECF No. 22-2), yet has not done so, nor has Plaintiff's counsel conferred with Defendant's counsel, as indicated in the motion.

14. Finally, Plaintiff filed Plaintiff's Motion <u>without</u> any attempts to confer in good faith with Defendant's counsel, as required by Local Rule 7.1(B). In fact,

4

Defendant's counsel has not heard from Plaintiff's counsel directly since December 1, 2025, copies of which are attached to Defendant's Motion. *See* ECF No. 22-2.

15. Failure to comply with Local Rule 7.1(B) alone warrants denial of Plaintiff's Motion. *See* Local Rule 41.1; *see also Hardrick v. Wendelta, Inc.*, No. 5:22-cv-67-TKW-MJF, 2023 U.S. Dist. LEXIS 250902, at *9 (N.D. Fla. Jan. 23, 2023) (denying a motion for failure to comply with the conferral requirement of Rule 7.1(B), among other reasons).

16. In short, Plaintiff has not established that the untimely request for an extension to respond to Defendant's Motion is warranted, and Plaintiff's Motion should be denied.

**WHEREFORE**, Defendant, GT TECHNOLOGIES, INC., respectfully requests that the Court enter an Order (1) denying Plaintiff's Motion for an Extension of Time to Respond to Defendant's Motion to Compel, (2) grant Defendant's Motion to Compel (ECF No. 22), and (3) order such other or additional relief as it deems just and appropriate.

Dated:  December 22, 2025

Respectfully submitted,

/s/ Elizabeth Jozsi
Elizabeth Jozsi
Florida Bar No: 119428
Sarah Kuehnel
Florida Bar No: 124765
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
100 North Tampa Street
Suite 3600
Tampa, FL 33602
Telephone:  813.221.7239
Facsimile:  813.289.6530
elizabeth.jozsi@ogletree.com
sarah.kuehnel@ogletree.com
Secondary emails:
celynda.pavone@ogletree.com
melissa.salazar@ogletree.com
susan.urso@ogletree.com
TAMdocketing@ogletree.com

*Attorneys for Defendant GT TECHNOLOGIES, INC.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 22, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Emanuel Kataev, Esq.
David Pinkhasov, Esq.
Consumer Attorneys, PLLC
6829 Main Street
Flushing, NY 11367
Telephone:  718.412.2421
Facsimile:  718.489.4155

ekataev@consumerattorneys.com
dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiff*

**I FURTHER CERTIFY** that to the best of my knowledge there are not any non-CM/ECF participants that require notification of this response via U.S. Mail.

*/s/ Elizabeth Jozsi*
Attorney