IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

QUENNEL JACKSON,

    Plaintiff,

vs.

GT TECHNOLOGIES, INC.,

    Defendant.

Case No.: 4:25-cv-218 (AW) (MAF)

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO COMPLETE DISCOVERY**

Plaintiff, Quennel Jackson, by and through undersigned counsel, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") and Local Rules 6.1 and 7.1 of the Local Rules for the United States District Court for the Northern District of Florida (the "Local Rules"), respectfully moves for an extension of time of sixty (60) days to complete discovery and states as follows.

This Court's Scheduling and Case Management Order (the "Scheduling Order") set the deadline for completing all discovery as January 22, 2026. See ECF Docket Entry 18. Since entry of the Scheduling Order, the parties have diligently conducted discovery, including the exchange of written discovery and the taking of depositions. The deposition of Plaintiff is currently scheduled for January 13, 2026.

Rule 16 of the Federal Rules of Civil Procedure provides that the court's scheduling order "may be modified only for good cause and with the judge's consent." See Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 Advisory Committee's Note); Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008) ("We have recognized that Rule 16(a)'s good cause standard 'precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension'") (alteration in original) (citations omitted); see also Logsdon, v. TA Operating, LLC, No. 5:22-CV-155 (TKW) (MJF), 2023 WL 12195448, at *3 (N.D. Fla. Mar. 1, 2023) (holding, in granting extension of time to complete discovery to permit deposition of Defendant to proceed, that "there is no indication that a brief extension of the discovery period to conduct the corporate representative's deposition will prejudice Defendant").

Due to the proximity of the Plaintiff's deposition to the current discovery cutoff, additional time is necessary to complete and otherwise follow up on discovery that may arise from that deposition, as well as to complete the review of outstanding document production and any related discovery matters.

The requested extension is sought based on the timing and sequencing of discovery and related scheduling considerations, rather than any lack of diligence by the parties. Notably, taking heed of this Court's December 23, 2025 Order granting Defendant's motion to compel and denying Plaintiff's cross-motion for an extension of time, Plaintiff provided responses to Defendants' discovery demands and produced over nine hundred pages of discovery well in advance of the January 6, 2025 deadline. However, certain discovery still needs to be completed, resulting in the instant request; namely, Defendant's deposition.

It is worthy to mention that this case went through substantial discovery and a hearing when it was being litigated before the Florida Commission on Human Rights.[1] As a result, Plaintiff anticipates needing discovery following a deposition of the Defendant, to the extent that the need for same arises.

Moreover, counsel for the Plaintiff is required to conduct more than a dozen depositions this month in the unrelated case of Superb Motors Inc, *et al* v. Deo, *et al*; Case No.: 2:23-cv-6188 (JMW). See Docket Entry 363 and Text Only Order dated December 19, 2025 (" the Court adopts the deposition schedule proposed at ECF No. 363. These deposition dates are final and shall not be changed without leave from the Court").

---

[1] Although your undersigned counsel did not represent the Plaintiff in those proceedings, it is his understanding that Defendant produced numerous exhibits in contemplation of a hearing which was ultimately conducted and the Plaintiff was deposed prior to that hearing.

The advent of these obligations in another case warrants an extension of time in this case.

Counsel for the parties have conferred in good faith regarding this request pursuant to Local Rule 7.1(B). Defendant does oppose the requested extension, but did not specify why. A certificate of conferral is included in compliance with Local Rule 7.1(C).

This request is made in good faith and not for purposes of delay. Granting the requested extension will not prejudice any party and will not unduly impact the Court's schedule or trial date.

WHEREFORE, the moving party respectfully requests that the Court extend the deadline for completing discovery from January 22, 2026, to March 23, 2026 and grant such other and further relief as the Court deems just, equitable, and proper.

Respectfully submitted this the 5th day of January 2026.

**CONSUMER ATTORNEYS, PLLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
*Admitted pro hac vice*
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*/s/ David Pinkhasov*
David Pinkhasov, FL # 1040933
6829 Main Street
Flushing, NY 11367-1305
(718) 701-4605 (office)
(718) 715-1750 (facsimile)
dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiff*
*Quennel Jackson*

## LOCAL RULE 7.1(B) CERTIFICATION

Pursuant to Local Rule 7.1(B), undersigned counsel certifies that they have conferred with counsel for Defendant regarding the relief requested in this motion. Defendant does oppose the requested extension, but did not specify why.

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter:

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P,C.**
Elizabeth T. Jozsi, FBN: 119428
100 North Tampa Street. Suite 3600
Tampa, FL 33602
T: 813-289-1247
F: 813-289-6530
elizabeth.jozsi@ogletree.com
sarah.kuehnel@ogletree.com
Secondary e-mails:
celynda.pavone@ogletree.com
melissa.salazar@ogletree.com
TAMdocketing@ogletree.com

*Attorneys for Defendant*
*GT Technologies, Inc*

**CONSUMER ATTORNEYS, PLLC**

*/s/ Emanuel Kataev, Esq.*