# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

QUENNEL JACKSON

      Plaintiff,

v.                                   Case No. 4:25-cv-218-AW-MAF

GT TECHNOLOGIES, INC.

      Defendant.

_____ /

## DECLARATION OF DAVID LAVIERI

1.     My name is David LaVieri. I am over the age of 18 and competent to give this Declaration. All information contained herein is based upon my personal knowledge.

2.     I am a White Male.

3.     I am the Plant Manager at GT Technologies, Inc. ("GT"). I have been employed at GT for more than forty years.

4.     As Plant Manager, my duties involve operations of the business, shipping and receiving, and ensuring customer satisfaction with our suppliers. I also oversee the Managers at the Plant and work closely with the Corporate team.

5.     As Plant Manager, I am ultimately responsible for essentially supervising all the employees at the Tallahassee location. I supervise Human Resources Manager Erin Wade and Maintenance Technician James White. I also

supervised Facilities and Maintenance Manager Jason Felger during his employment with GT.

6.     I am familiar with the Plaintiff in this matter, Quennel Jackson. Mr. Jackson was previously employed by GT as a Facilities Maintenance Technician, and ultimately one of the employees I supervised.

7.     In September 2023, Ms. Wade and Mr. Felger presented findings from an investigation which demonstrated Mr. Jackson had falsified documents during the course of a Human Resources investigation, which is a violation of the Associate Conduct Policy.

8.     While I was not involved in the investigation specifically, I reviewed the data collected during the investigation before making the final decision to terminate Mr. Jackson's employment.

9.     On September 5, 2023, I terminated Mr. Jackson. Ms. Wade and Mr. Felger were present for the termination discussion.

10.     I have no reason to doubt that the company records accurately reflected the work that was performed and documented. The decision to terminate Mr. Jackson reflected the honest belief that he falsified documents during the investigation process.

11.     During his employment, Mr. Jackson never complained to me of any discriminatory or retaliatory behavior from any employee at GT, including Mr.

Felger or Mr. White. Additionally, no one else raised discriminatory complaints on behalf of Mr. Jackson to me.

12.    Mr. Jackson never reported that he found a toy or statue with a noose around his neck.

13.    I have viewed the photographs of the statue Mr. Jackson alleges was discriminatory. The statute itself is a carved wooden figure of a fisherman holding a large fish. The only item around the statue's neck is the collar of the shirt the fisherman is wearing.

14.    I was unaware that Mr. Jackson believed anything about the statue was discriminatory until Mr. Jackson alleged it in the course of litigation post-termination.

15.    I did not recommend Mr. Jackson's termination for any retaliatory or discriminatory reasons. Mr. Jackson's race, national origin, or color had no bearing on the decision to terminate Mr. Jackson. I recommended Mr. Jackson's termination solely because he violated the Associate Conduct Policy by falsifying records during an investigation

16.    During Mr. Jackson's employment, I was unaware of Mr. Jackson's national origin, and was not aware that he was half Colombian.

17.     I did not discriminate or retaliate against Mr. Jackson. I do not believe

or have any reason to believe that anyone involved in the decision to terminate Mr.

Jackson discriminated or retaliated against him.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

forgoing information contained in this declaration is true and correct.

Dated this ___//___ of February, 2026.

David LaVieri