**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

QUENNEL JACKSON

      Plaintiff,

v.                                                                         Case No. 4:25-cv-218-AW-MAF

GT TECHNOLOGIES, INC.

      Defendant.

_____ /

**DEFENDANT'S MOTION TO VACATE FINAL PRETRIAL**
**CONFERENCE AND TRIAL DATE AND RESET PRETRIAL DEADLINES**

Defendant, GT TECHNOLOGIES, INC. ("Defendant") by and through undersigned counsel, hereby files this Motion to Vacate Final Pretrial Conference and Trial Dates and Reset Case Management and Scheduling Order Deadlines. In support of this Motion, Defendant states:

1.      On September 5, 2025, the Court entered the Scheduling and Mediation Order, setting the jury trial for this matter for the trial term beginning June 2, 2026. (ECF No. 18).

2.      On January 8, 2026, the Court entered the Order for Pretrial Conference. (ECF No. 31). That Order set a number of pre-trial deadlines, including:

      a.  Pre-trial meeting between the parties: on or before April 20, 2026

b.  Motion in Limine or other pre-trial motions: filed on or before April 24, 2026

c.  Pre-trial stipulation: filed on or before May 4, 2026

d.  Trial briefs: filed on or before May 4, 2026

e.  Pre-trial conference: May 11, 2026

f.  Proposed pre-trial order: submitted on or before May 21, 2026

3.    On February 12, 2026, Defendant filed its Motion for Summary Judgment. (ECF No. 34).

4.    On March 5, 2026, Plaintiff filed its Response in Opposition to Defendant's Motion for Summary Judgment. (ECF No. 36).

5.    On March 12, 2026, Defendant filed its Reply in Support of its Motion for Summary Judgment. (ECF No. 37).

6.    Accordingly, briefing on the Defendant's Motion for Summary Judgment is now completed and the motion is pending.

7.    Defendant respectfully requests that the Court vacate all pretrial-related deadlines, the pretrial conference, and the trial setting, and reset them, if necessary, after ruling on Defendant's Motion for Summary Judgment.

8.    A ruling granting Defendant's Motion for Summary Judgment (ECF No. 34) would either significantly narrow the issues for trial or dispense with the necessity of a trial altogether. Consequently, the parties may unnecessarily incur

additional attorneys' fees and costs if required to begin preparation for trial on all issues. In the event summary judgment is denied, the parties and counsel will need additional time to prepare for trial and would request a status conference with the Court to set a new trial date and deadlines.

9.      The requested relief is sought not to unduly delay this case, but to ensure that justice is served and to promote efficiency.

## **MEMORANDUM OF LAW**

Fed. R. Civ. P. 16(b)(4) states that a schedule "may be modified only for good cause and with the judge's consent." This standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998). The Court has broad discretion to enlarge time periods established by Rules of Procedure or Court order. *See Woods v. Allied Concord Financial Corp.*, 373 F.2d 733 (5th Cir. 1967).

Defendant submits that it has diligently litigated this case and fully briefed each issue pending before the Court. Defendant further submits that good cause exists to vacate all pretrial deadlines, the pretrial conference, and the trial setting, and to reset them, if necessary, after the Court rules on Defendant's pending Motion for Summary Judgment. Without such relief, the parties will incur significant additional fees and expenses preparing for trial while dispositive motions capable of resolving all or a portion of Plaintiffs' claims remain pending. Even if a motion is

only partially granted, the scope of claims to be tried will be considerably narrowed. If the Court denies the Motion for Summary Judgment, a new scheduling order can be entered with appropriate pretrial deadlines and a trial setting that adequately allows the parties to finalize trial preparations. Neither party will be prejudiced by the requested relief, as a temporary delay promotes efficiency for both parties and the Court.

**WHEREFORE**, Defendant, GT TECHNOLOGIES, INC., respectfully request the Court grant this Motion and vacate all pretrial related deadlines, the pretrial conference, and the trial setting and reset them, if necessary, after ruling on Defendant's pending Motion for Summary Judgment.

## <u>LOCAL RULE 7.1(B) CERTIFICATION</u>

Pursuant to Northern District of Florida Local Rule 7.1(B), the undersigned certifies she conferred with counsel for Plaintiff by email on March 26, 2026. Plaintiff opposes this Motion.

## <u>LOCAL RULE 7.1(F) CERTIFICATION</u>

The undersigned certifies that this motion and the accompanying memorandum of law (excluding the Local Rule certifications) total 650 words.

4

Dated:  March 26, 2026

Respectfully submitted,

*/s/ Elizabeth Jozsi*

Elizabeth Jozsi
Florida Bar No: 119428
Sarah Kuehnel
Florida Bar No: 124765
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
100 North Tampa Street
Suite 3600
Tampa, FL 33602
Telephone:  813.221.7239
Facsimile:  813.289.6530
elizabeth.jozsi@ogletree.com
sarah.kuehnel@ogletree.com
Secondary emails:
angie.jackson@ogletree.com
melissa.salazar@ogletree.com
susan.urso@ogletree.com
TAMdocketing@ogletree.com

*Attorneys for Defendant GT
TECHNOLOGIES, INC.*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on March 26, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Emanuel Kataev, Esq.
David Pinkhasov, Esq.
Consumer Attorneys, PLLC
6829 Main Street
Flushing, NY 11367
Telephone:  718.412.2421
Facsimile:  718.489.4155

5

ekataev@consumerattorneys.com
dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiff*

**I FURTHER CERTIFY** that to the best of my knowledge there are not any

non-CM/ECF participants that require notification of this response via U.S. Mail.

*/s/ Elizabeth Jozsi*
Attorney

6