**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

| | |
|---|---|
| QUENNEL JACKSON,<br><br>          Plaintiff,<br><br>v.<br><br>GT TECHNOLOGIES, INC.,<br><br>          Defendant. | Case No.: 4:25-cv-218 (AW) (MAF)<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE FINAL PRETRIAL CONFERENCE AND TRIAL DATE AND RESET PRETRIAL DEADLINES** |

Plaintiff Quennel Jackson ("Plaintiff" or "Jackson"), by his attorneys, Sage Legal LLC, hereby respectfully submits this opposition to Defendant GT Technologies, Inc.'s ("GT," the "Company," or "Defendant") Motion to Vacate Final Pretrial Conference and Trial Date and Reset Pretrial Deadlines (the "Motion"). As further set forth below, Defendant fails to establish good cause warranting vacatur of the final pretrial conference and trial date and there is therefore no need to reset the pretrial deadlines. Accordingly, the Motion must be denied.

Defendant's Motion rests on the presupposed self-assured notion that its motion for summary judgment will exceed.  However, the summary judgment is destined for doom given the existence of significant disputed issues of material fact which require a jury trial.  In an effort to dilly-dally and delay this case and prevent Plaintiff from having his day in Court, Defendant improperly filed its motion for summary judgment for the improper purpose laid out in the Motion.

Without disclosing the substance of confidential settlement discussions, Plaintiff respectfully submits that Defendant has not made any good faith effort to resolve this case and instead engaged in regressive bargaining.  To add insult to injury, in light of its complete lack of interest in resolving this matter, Defendant now seeks to delay Plaintiff from having his day in court.

This Court previously denied extension requests made by the Plaintiff, finding no good cause for extending the time to complete discovery.  See ECF Docket Entries 29 and 30.  That prior Order should have alerted Defendant to the fact that this Court will not countenance unnecessary delays in this case.

Requests for extensions of deadlines contained in a court's scheduling orders "may be modified only 'upon a showing of good cause.'"  See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16(b)(4)); see also Fed. R. Civ. P. 16(b)(1), (3).  "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  See Sosa, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16(b)(4) advisory committee's note to 1983 amendment).  District courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling."  See Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001). Accordingly, "a district court's decision to enforce" a scheduling order despite a requested modification "will not be disturbed on appeal absent an abuse of discretion."  See Sosa, 133 F.3d at 1418.

Here, Defendant is unable to make any showing that it cannot meet the pretrial deadlines despite diligence.  Rather, Defendant's argument is that it does not want to incur the cost of preparing for trial at this moment based on its self-assured and overly optimistic view of the merits of its motion for summary judgment.  This is not a basis to continue the pretrial deadlines in this case for several reasons.

First, Defendant offers no basis as to why the parties cannot work on the pretrial deadlines now in advance of the June 2026 trial.  For example, Defendant has not informed the Court of any other commitments its counsel has that would prevent Defendant from preparing for trial now.  Accordingly, Defendant cannot show it is diligent in any manner.

Second, at the time this Court set the schedule in this case, it knew that summary judgment motions could be filed and fully briefed as of mid-March 2026 with an early June 2026 trial date such that a decision would be necessary in advance of the trial.  As such, Defendant's choice to file a motion for summary judgment, by itself, should not lead to an adjournment of the trial.

Third, Defendant fails to establish good cause for adjourning the final pre-trial conference, trial, and related pretrial deadlines.  Rule 1 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") provides that the parties and this Court must construe the Rules in a manner to secure the just, *speedy*, and inexpensive determination of every civil judicial proceeding.  See Fed. R. Civ. P. 1 (emphasis added).  Because Rule 1 contemplates that justice delayed is justice denied, the Motion should be denied.

This Court should similarly be guided by the fact that Defendant previously objected to any extensions of time to complete discovery, presumably to bring this case to trial. See ECF Docket Entry 29 at 4 ("Defendant does oppose the requested extension, but did not specify why"). Defendant should therefore be held to its prior desire to adhere to the schedule.

**WHEREFORE,** Plaintiff respectfully requests that this Court deny the Motion.

### LOCAL RULE 7.1(f) CERTIFICATION

Pursuant to Local Rule 7.1, the undersigned certifies that this response in opposition contains 763 words, according to the word-processing system used to prepare this memorandum.

Dated: Jamaica, New York
      April 6, 2026

Respectfully submitted,

**CONSUMER ATTORNEYS, PLLC**
*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Admitted pro hac vice*

David Pinkhasov, FL # 1040933
6829 Main Street
Flushing, NY 11367
(718) 701-4605 (office)
(718) 715-1750 (facsimile)
dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiff*
*Quennel Jackson*

**VIA ECF**
All counsel of record

4