## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

|  |  |
|---|---|
| QUENNEL JACKSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GT TECHNOLOGIES, INC.,<br><br>　　　　　Defendant. | Case No.: 4:25-cv-218 (ACW)<br>(MAF)<br><br>**PLAINTIFF'S MOTION TO FILE EXCESS PAGES OR TO OTHERWISE EXCEED THE WORD LIMIT FOR PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY <u>JUDGMENT</u>** |

Plaintiff respectfully submits this letter motion for leave to file excess pages or to otherwise exceed the word limit for Plaintiff's Memorandum in Opposition to Defendant's motion for summary judgment, which was filed on March 5, 2026.  <u>See</u> ECF Docket Entry <u>36</u>.

Pursuant to Rule 56.1(C) of the Local Rules of the United States District Court for the Northern District of Florida ("N.D. Rule" or the "N.D. Rules"), an opposing memorandum to a motion for summary judgment may not exceed 8,000 words. <u>See</u> N.D. Rule 56.1. Moreover, and critically, "[t]he opposing party must not file a separate document setting out the facts or responding to the moving party's statement of facts." <u>Id.</u>

The Northern District routinely grants motions for leave to exceed the word count limit on motions for summary judgment. <u>See</u>, <u>e.g.</u>, <u>Keep Santa Rosa Beautiful</u>

Inc v. Butterflies in Motion Inc, Case No.: 3:22-cv-1572 (MCR) (MJF), (N.D. Fla. Jul 13, 2023) ECF No. 73; Floyd v. USI Insurance Services LLC, Case No.: 3:24-cv-95 (TKW) (ZCB), (N.D. Fla. Jun 27, 2025) ECF No. 114 (omnibus reply in further support of motion for partial summary judgment); Coin Center v. Yellen, Case No.: 3:22-cv-20375 (TKW) (ZCB) (N.D. Fla. Aug 1, 2023), ECF No. 64 (reply in support of cross-motion for summary judgment); Jackson v. Aden, Case No.: 3:24-cv-429 (TKW) (ZCB) (N.D. Fla. Aug 18, 2025), ECF No. 103 (consolidated motion for summary judgment word limit granted up to 15,000 words) (*emphasis added*). See also, more generally, Bilal v. Dixon, Case No.: 3:25-cv-278 (TKW) (ZCB), (N.D. Fla. Jul 18, 2025) ECF No. 26 (granting motion to exceed word limit on a motion to dismiss).

Moreover, and critically, Rule 56.1 "is governed by Federal Rule of Civil Procedure [("FRCP")] 56." See N.D. Rule 56.1. The very nature of this Rule requires thus requires engaging with the facts, as Plaintiff did. Id.; see Fed. R. Civ. P. 56.1.

Notably, in many other federal district courts, it is permitted and encouraged for parties to file statements of facts separately from memoranda, each with its own distinct word limit; presumably, for the precise reasoning that prompts Plaintiff's request herein. See, e.g., Southern and Eastern Districts of New York Local Civil Rule 56.1; District of New Jersey Local Civil Rule 56.1; Northern District of Illinois Local Rule 56.1.

This is even true of at least one other district within the Eleventh Circuit, as well within Florida. See Northern District of Georgia Local Rule 56.1; Southern District of Florida Local Rule 56.1. Although Subdivision (c)(1) of the Committee Notes on Rules – 2010 Amendment to FRCP 56 provides that "[d]ifferent courts and judges have adopted different forms" of asserting and disputing facts, it remains true that the vast majority of courts have agreed that a separate statement of facts is ideal.

Here, Plaintiff's Opposition contains 11,690 words. See ECF Docket Entry 36. Of that, Plaintiff's responses to Defendant's statement of undisputed facts – alone – was comprised of 8,863 words (with the subsequent legal argument consisting only of the remaining 2,765 words).

Moreover, in contrast, Plaintiff's statement of undisputed facts was 4,053 words, while his legal argument was 3,093 words. In other words, the overwhelming majority of Plaintiff's word count was consumed by the requirement to respond to Defendant's factual assertions, which includes a verbatim repetition of Defendant's asserted undisputed material facts, with the substantive legal argument comprising substantially less of the entire word count.

For the foregoing reasons, Plaintiff's motion for leave to file in excess of the word count should be granted.  Plaintiff thanks this honorable Court for its time and attention to this case.

## LOCAL RULE 7.1(B) CERTIFICATION

Pursuant to Northern District of Florida Local Rule 7.1(B), the undersigned certifies he conferred with counsel for Defendant by email on April 8, 2026. Defendant opposes this motion for the reasons included in their reply in support of their summary judgment motion.

Dated: Jamaica, New York
      April 8, 2026                Respectfully submitted,

                                 **CONSUMER ATTORNEYS, PLLC**
*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Admitted pro hac vice*

David Pinkhasov, FL # 1040933
6829 Main Street
Flushing, NY 11367
(718) 701-4605 (office)
(718) 715-1750 (facsimile)
dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiff*
*Quennel Jackson*

**VIA ECF**
All counsel of record

4