**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

QUENNEL JACKSON

      Plaintiff,

v.                                                                          Case No. 4:25-cv-218-AW-MAF

GT TECHNOLOGIES, INC.

      Defendant.

_____ /

**DEFENDANT'S RESPONSE IN OPPOSITION TO "PLAINTIFF'S**
**MOTION TO FILE EXCESS PAGES OR TO OTHERWISE EXCEED THE**
**WORD LIMIT FOR PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT"**

Defendant, GT TECHNOLOGIES, INC. ("Defendant"), hereby files this Response in Opposition to the "Motion to File Excess Pages or to Otherwise Exceed the Word Limit for Plaintiff's Memorandum in Opposition to Defendant's Motion For Summary Judgment" ("Motion for Enlargement") (ECF No. 41) filed by Plaintiff, QUENNEL JACKSON ("Plaintiff"). For the foregoing reasons, Plaintiff's Motion for Enlargement should be denied.

1.    On February 12, 2026, Defendant filed its Motion for Summary Judgment ("MSJ"). (ECF No. 34). According to the "Certificate of Compliance Regarding Word Count" at the end of the MSJ, "the memorandum of law section of [the MSJ] contains 7,330 words." (ECF No. 34, pg. 30).

2.    On March 5, 2026, Plaintiff filed his Memorandum in Law in Opposition to Defendant's Motion for Summary Judgment ("MSJ Response"). (ECF No. 36). According to the "Certificate of Compliance Regarding Word Count" at the end of Plaintiff's MSJ Response, "the memorandum of law section of [the MSJ Response] contains 11,690 words." (ECF No. 36, pg. 36).

3.    Plaintiff did not seek or obtain leave from the Court before filing his brief that exceeded the word count established by Local Rule 56.1. In fact, Plaintiff acknowledged that he exceeded the word count in his "Certificate of Compliance Regarding Word Count," specifically stating "Plaintiff shall submit an application for leave to file excess pages in light of the complexity and number of facts relevant to determine the instant motion." (ECF No. 36, pg. 36).

4.    Now, more than <u>one month</u> after filing the MSJ Response, Plaintiff has filed the Motion for Enlargement, seeking retroactive approval to exceed the word limit for his MSJ Response.

5.    The Court should deny the Motion for Enlargement because Plaintiff's procedural violation was willful, his belated request cannot cure the prejudice already imposed on Defendant, and the arguments advanced in the Motion for Enlargement do not justify the relief sought.

## LEGAL ARGUMENT

Local Rule 56.1(C) of the Local Rules of the United States District Court Northern District of Florida unambiguously limits an opposing memorandum on a summary judgment motion to 8,000 words. Local Rule 56.1 specifically refers to the procedures outlined in Rule 7.1, including Rule 7.1(F), which sets procedures related to word limits. Rule 7.1(F) contemplates "in extraordinary circumstances" where the Court "may grant leave to file a longer memorandum, but doing so is disfavored." Rule 7.1(F) (emphasis added). The Local Rule is explicit that a "party must obtain leave to file the longer memorandum before tendering the longer memorandum. Rule 7.1(F) (emphasis added).

As noted, Plaintiff's MSJ Response contained 11,690 words, over forty percent over the permissible limit. Plaintiff claims that an enlarged word count was needed to respond to Defendant's statement of undisputed facts. (ECF No. 41, pg. 3). Plaintiff argues that Local Rule 56.1 "is governed by Federal Rule of Civil Procedure 56" and that "[t]he very nature of this Rule requires . . . engaging with the facts." (ECF No. 41, pg. 2). While it is true that summary judgment practice necessarily involves factual presentations, this does not excuse Plaintiff from complying with the word limits that this Court has established to govern such practice. Every party opposing summary judgment must engage with the facts; yet the vast majority do so within the prescribed word limit. The Local Rules exist

3

precisely to ensure that parties present their arguments in a focused and disciplined manner, and Plaintiff is not exempt from that obligation. Even so, if Plaintiff believed additional words were required, a motion seeking leave to exceed the limit should have been filed <u>before</u> the MSJ Response was filed.[1] Instead, Plaintiff waited over a month, and well after Defendant filed its Reply in Support of the Motion for Summary Judgment,[2] to seek leave from the Court.

Plaintiff cites to a number of cases where the Court has granted motions for leave to exceed the word count limits on motions for summary judgment. However, all of these cases are distinguishable. For example, in both *Keep Santa Rosa Beautiful Inc v. Butterflies in Motion Inc*. (Case No. 3:22-cv-1572) and *Floyd v. USI Insurance Services LLC* (Case No. 3:24-cv-95), the motions seeking leave to exceed the word count were unopposed and were filed on the same day as the motions for summary judgment. *See* Case No. 3:22-cv-1572 ECF Nos. 70, 71, 73 and Case No. 3:24-cv-95 ECF Nos. 110, 112, 114. In *Coin Center v. Yellen* (Case No. 3:22-cv-20375), again, it was a consent motion and the party filed for leave twelve days in advance of the filing deadline. *See* Case No. 3:22-cv-20375 ECF Nos. 63, 64.

---

[1] Plaintiff had twenty-one days to file his MSJ Response after receipt of the MSJ. Plaintiff knew, or should have known, that his response would exceed the word count with enough time to file his request with the Court before the responsive deadline.

[2] Plaintiff's delay prejudiced Defendant, as Defendant was required to consider and address the arguments asserted in the MSJ Response in its own Reply in Support of the Motion for Summary Judgment (ECF No. 37). Notably, Defendant's Motion for Summary Judgment and its Reply were both in compliance with the word limits established in Local Rule 56.1.

Similarly, both *Jackson v. Aden* (Case No. 3:24-cv-429) and *Bilal v. Dixon* (Case No. 3:25-cv-278) granted motions to exceed the word count when the motions were filed before the filings were due. *See* Case No. 3:24-cv-429 ECF Nos. 102, 103; Case No. 3:25-cv-278 ECF Nos. 25, 26. In this case, Plaintiff did not seek leave before the MSJ Response was due, as required by the rules, nor did he seek leave remotely close to the time he filed the MSJ Response. Such a cavalier disregard for the procedural requirements should not be rewarded.

Finally, as a note, Plaintiff's counsel cites to "many other federal district courts" who have different procedures, allowing for parties to file statements of facts separately from memoranda with distinct word limits. This argument is unavailing. While other courts may operate differently, the Northern District of Florida has clear Local Rules that unambiguously set forth procedures governing matters before this Court. Counsel may not like the rules, but he is still bound to follow them, and his dissatisfaction with the Court's chosen procedural framework is not grounds for exceeding the word limit.

**WHEREFORE**, Defendant, GT TECHNOLOGIES, INC., respectfully requests that the Court exercise its authority under Local Rule 41.1, enter an Order denying Plaintiff's Motion for Enlargement (ECF No. 41), strike Plaintiff's MSJ Response (ECF No. 36), or in the alternative, disregard all content beyond the 8,000-word limit, sanction Plaintiff and his counsel for their willful noncompliance with

the Local Rules, and order such other or additional relief as it deems just and appropriate.


Dated:  April 09, 2026                  Respectfully submitted,

*/s/ Elizabeth Jozsi*
Elizabeth Jozsi
Florida Bar No: 119428
Sarah Kuehnel
Florida Bar No: 124765
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
100 North Tampa Street
Suite 3600
Tampa, FL 33602
Telephone:  813.221.7239
Facsimile:  813.289.6530
elizabeth.jozsi@ogletree.com
sarah.kuehnel@ogletree.com
Secondary emails:
angie.jackson@ogletree.com
melissa.salazar@ogletree.com
susan.urso@ogletree.com
TAMdocketing@ogletree.com

*Attorneys for Defendant GT*
*TECHNOLOGIES, INC.*

6

# **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 09, 2026, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which will

send a notice of electronic filing to:

Emanuel Kataev, Esq.
David Pinkhasov, Esq.
Consumer Attorneys, PLLC
6829 Main Street
Flushing, NY 11367
Telephone:  718.412.2421
Facsimile:  718.489.4155
ekataev@consumerattorneys.com
dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiff*

**I FURTHER CERTIFY** that to the best of my knowledge there are not any

non-CM/ECF participants that require notification of this response via U.S. Mail.

*/s/ Elizabeth Jozsi*
Attorney

7