**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

QUENNEL JACKSON

      Plaintiff,

v.

                                  Case No. 4:25-cv-218-AW-MAF

GT TECHNOLOGIES, INC.

      Defendant.

_____ /

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS BILL OF COSTS**

Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 54.2(A), and 28 U.S.C. §§ 1920, 1924, Defendant, GT TECHNOLOGIES, INC. ("Defendant"), by and through undersigned counsel, hereby respectfully files the attached Memorandum of Law in support of its verified Bill of Costs. Defendant is the prevailing party in this action based on the Court's Order Granting Motion for Summary Judgment (ECF No. 44) and the Final Judgment (ECF No. 45) entered by the Court on April 29, 2026. As detailed in its Bill of Costs, Defendant seeks $5,715.05 in costs to be taxed against Plaintiff.

**A.    Entitlement to Taxable Costs**

Defendant is entitled to taxable costs as the prevailing party under Rule 54(d)(1). Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal

statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Matthews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citations omitted). "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)." *Fireman's Fund Ins. Co. v. Tropical Shipping & Const. Co., Ltd.*, 254 F.3d 987, 1012 (11th Cir. 2001) (citations omitted). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

Taxable costs are outlined in 28 U.S.C. § 1920, which permits the taxation of costs for:

(1)   Fees of the clerk and marshal;
(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)   Fees and disbursements for printing and witnesses;
(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)   Docket fees under section 1923 of this title [28 USCS § 1923];
(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

The costs statutorily authorized under 28 U.S.C. §1920 have been interpreted to include "expenses of photocopying, service of process, witness fees, and court reporter fees." *See Scelta v. Delicatessen Support Services, Inc.,* 203 F. Supp.2d

1328, 1340 (M.D. Fla 2002); *Paylan v. Teitelbaum*, 798 F. App'x 458, 468 (11th Cir. 2020).

**B.     Amount and Description of Taxable Costs**

The total taxable costs necessarily incurred by Defendant in the defense of this lawsuit amounts to $5,715.05, as detailed on the Bill of Costs filed contemporaneously with this memorandum.

Specifically, Defendant seeks $5,715.05 in fees associated with the deposition of Plaintiff on January 13, 2026, including fees incurred for the printed transcripts, court reporter and videographer's attendance, and court reporter's processing fees. 28 U.S.C. § 1920(2) permits the Court to tax costs "for printed or electronically recorded transcripts necessarily obtained for use in the case." The Eleventh Circuit has held that the costs for deposition transcripts are taxable when the deposition was "necessarily obtained for use in the case." *United States EEOC v. W&O Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). "In determining the necessity of a deposition it must only appear to have been reasonably necessary at the time it was taken." *Lopez v. Zoll Servs., LLC*, No. 21-cv-22433-JEM/Becerra, 2024 U.S. Dist. LEXIS 3708, at *5 (S.D. Fla. Jan. 8, 2024) (citations omitted).

Furthermore, while "[t]here is a split of authority as to whether the statute also allows recovery of the court reporter's 'appearance fees,' . . . the majority rule appears to be that such fees are recoverable." *Clarke v. JRK Residential Grp., Inc.*,

No. 3:24cv479-TKW-HTC, 2025 U.S. Dist. LEXIS 218379, at *11-12 (N.D. Fla. Oct. 2, 2025) (citing *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013) ("Numerous courts have ruled that court reporter appearance fees are [*12] properly taxable as costs[,] ... reason[ing] that it is necessary for the court reporter to appear and record the testimony ... to subsequently prepare the deposition transcript." (citations omitted)); *see also Paylan v. Teitelbaum*, No. 1:15-cv-159-MW-GRJ, 2018 U.S. Dist. LEXIS 183266, at *7 (N.D. Fla. Aug. 1, 2018) (finding that "[a]ttendance fees of the court reporter . . . , processing and handling, and delivery fees are part of the court reporter's fee and are taxable.").

Here, Defendant incurred costs totaling $5,715.05 for Plaintiff's deposition, as supported by the invoices included as Exhibits A and B to the Bill of Costs contemporaneously filed with this Memorandum.[1] Plaintiff's deposition was necessarily obtained for use in this case, including the preparation of Defendant's Motion for Summary Judgment, which was granted and fully dispositive.

**WHEREFORE**, Defendant seeks $5,715.05 in taxable costs.

---

[1] The invoice includes all amounts paid by Defendant to the court reporter; however, the invoice is highlighted to indicate the amount sought to be taxed. Defendant is not seeking the extraneous fees charged by the court reporter.

4

## CERTIFICATION OF COUNSEL

I, Elizabeth T. Jozsi, Esq., having fully reviewed the expense reports and supporting documentation, certify that the foregoing bill of costs is well-grounded in fact and justified.

## LOCAL RULE 7.1(B) CERTIFICATION

Pursuant to Northern District of Florida Local Rule 7.1(B), the undersigned certifies that prior to filing this motion, on May 7, 2026, the undersigned conferred in good faith with Plaintiff's counsel, Emanuel Katev, Esq., in an effort to resolve, or at least narrow the issues for the Court's determination. When Plaintiff's counsel did not respond, the undersigned followed up again on May 11, 2026 and May 12, 2026. Plaintiff's counsel did not respond to the three conferral attempts.

## LOCAL RULE 7.1(F) CERTIFICATION

The undersigned certifies that this memorandum of law (excluding captions, the Local Rule certifications, and signature block) totals 842 words.

Dated:  May 13, 2026                 Respectfully submitted,

*/s/ Elizabeth Jozsi*

Elizabeth Jozsi
Florida Bar No: 119428
Sarah Kuehnel
Florida Bar No: 124765
OGLETREE, DEAKINS, NASH, SMOAK
    & STEWART, P.C.
100 North Tampa Street
Suite 3600
Tampa, FL 33602
Telephone:  813.221.7239
Facsimile:  813.289.6530
elizabeth.jozsi@ogletree.com
sarah.kuehnel@ogletree.com
Secondary emails:
angie.jackson@ogletree.com
melissa.salazar@ogletree.com
susan.urso@ogletree.com
TAMdocketing@ogletree.com

*Attorneys for Defendant GT*
*TECHNOLOGIES, INC.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 13, 2026, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which will

send a notice of electronic filing to:

Emanuel Kataev, Esq.
David Pinkhasov, Esq.
Consumer Attorneys, PLLC
6829 Main Street
Flushing, NY 11367
Telephone:  718.412.2421
Facsimile:  718.489.4155

6

ekataev@consumerattorneys.com
dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiff*

**I FURTHER CERTIFY** that to the best of my knowledge there are not any

non-CM/ECF participants that require notification of this response via U.S. Mail.


*/s/ Elizabeth Jozsi*
Attorney